### GWINN v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. November 30, 1923.)

No. 4084.

**I. Criminal law ⊜673(4)—Statements by one of two defendants charged with' conspiracy admissible under proper instructions.**

On trial together of two defendants charged with conspiracy, evidence of incriminating statements made by one, after the conspiracy had ended, was properly admitted, where the jury was charged that it was not to be considered against his codefendant.

**2. Criminal law ⊜938(1)—New evidence, when merely cumulative, not ground for new trial.**

Newly discovered evidence, when merely cumulative, and which so far as shown was known and available on the trial, is not ground for a new trial.

**3. Forgery ⊜37—Evidence held properly excluded as irrelevant.**

In a prosecution for forging indorsements on checks of soldiers and veterans and cashing the same, evidence that it was not unusual for such persons to contract large gambling debts and to pay large commissions for cashing their checks *held* properly excluded as irrelevant.

In Error to the District Court of the United States for the Western District of Texas; Duval West, Judge.

Criminal prosecution by the United States against Charles A. Gwinn and others. Judgment of conviction, and defendant Gwinn brings error. Affirmed.

Wm. H. Russell and Leo Brewer, both of San Antonio, Tex. (Leonard Brown and William J. Park, both of San Antonio, Tex., on the brief), for plaintiff in error.

John D. Hartman, U. S. Atty., and W. C. Williams, Asst. U. S. Atty., both of San Antonio, Tex., for the United States.

Before WALKER and BRYAN, Circuit Judges, and GRUBB, District Judge.

BRYAN, Circuit Judge. This is an indictment in seven counts, against Charles A. Gwinn and three other defendants, Murphy, Clevenger, and Murr, charging them under section 27 of the Criminal Code with conspiracy to abstract from the post office of the United States Army, located in an army hospital at Fort Sam Houston, Tex., checks of the United States Veterans' Bureau upon the Treasurer of the United States, payable to patients and to veterans of the World War, and to forge the signatures or names of the payees of such checks with intent to defraud, and with a number of overt acts in pursuance

---

⊜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

of the conspiracy, consisting of the presentation of a number of such checks for payment by the defendant Gwinn. The remaining counts charge all the defendants with passing such checks or forged obligations of the United States, with intent to defraud, etc., in violation of section 151 of the Criminal Code (Comp. St. § 10321). Clevenger and Murr pleaded guilty, and Gwinn and Murphy were both convicted on a joint trial. This writ of error is sued out by Gwinn alone.

The evidence shows without conflict the forgery of the checks, and that they were cashed by the defendant as charged; that Clevenger, as postmaster, abstracted the checks from the mail; that Murr forged the indorsements of the payee; that Murphy delivered them in this condition to the defendant; and that the defendant either cashed the checks or deposited them to his credit at a bank. One check of upwards of $1,500 was handled in this way, and Gwinn received $500 of the proceeds, which he claimed was a loan from Murphy. As to this check, Gwinn also testified that Murphy claimed to have won it in a gambling game, and offered to testify, when at the trial he was a witness in his own behalf, that it was customary, and not unusual, for persons in the army to lose as much as $1,500 while they were gambling, and also to pay as much as 20 per cent. of the amount of their pay checks in order to get them cashed. The defendant Gwinn further testified that he had served in the army for a number of years, but that he had been engaged in business for a period of about two years prior to the trial. The court sustained objections to the proffered testimony, and the defendant excepted.

The defendant Murr, after having pleaded guilty, testified for the prosecution, and stated that Murphy, after the latter was arrested, requested the witness to make a statement to the effect that the witness saw Clevenger hand the checks, already indorsed, to Murphy, and to tell Gwinn that the witness received the checks from Clevenger, instead of from him (Murphy). Gwinn objected to this testimony, but the court overruled the objection, and in his charge to the jury instructed them that the declarations or statements could be offered in evidence against the defendant who made them, but not against his codefendants, except during the existence of the conspiracy.

One of the grounds of defendant's motion for a new trial was that of newly discovered evidence. In support of this ground, the defendant submitted the affidavit of one C. L. Stewart, and also the affidavits of his codefendants, Murphy and Clevenger. Stewart's affidavit is to the effect that he was interested with the defendant in business during a part of the time covered by the conspiracy count of the indictment; that he had seen Murphy on many occasions in conversation with the defendant; had seen Gwinn give money to Murphy, and Murphy give checks to Gwinn; that there was some writing on the back of the large check, the one for about $1,500; and that he had never seen Murphy give Gwinn any money. The affidavits of Murphy and Clevenger are general in their nature, and are to the effect that, so far as they knew, Gwinn was innocent of the charges against him.

The defendant assigns error and contends: (1) That the evidence is insufficient, because it was not shown that the defendant had knowl-

edge that the endorsements on the checks were forged, or that he had the intent to defraud; (2) that the charge of the court on the issue of defendant's guilty knowledge was erroneous; (3) that the court erred in allowing the witness Murr to testify to statements made to him by the defendant Murphy after the alleged conspiracy had ceased to exist; (4) that the court erred in denying defendant's motion for a new trial, based in part on the ground of newly discovered evidence; (5) that the court erred in refusing to permit the defendant to testify that it was customary, or not unusual, for persons in the army to lose as much as $1,500 in gambling, and to pay a commission as great as 20 per cent. upon the amount of their pay checks in order to get them cashed.

1. A careful examination of the evidence convinces us that there is no merit whatever in the contention that the evidence was insufficient to support the verdict. If the jury believed the uncontradicted evidence, they were fully authorized to infer, not only that the defendant had full knowledge that the indorsements on the checks which he had cashed had been forged, but also that he was an active member of the conspiracy.

2. The court's charge upon the issue of defendant's guilty knowledge appears to us to contain a correct statement of law. It is not necessary to set it out, because no exception was taken to it.

[1] 3. Murr's testimony concerning the statement which he claimed was made to him by Murphy was clearly admissible as against the latter; but it was not admissible as against Gwinn, if the conspiracy was at an end, and the jury was so instructed, in substance and effect. If Gwinn desired a more detailed or elaborate instruction upon this subject, he should have submitted it to the court with the request that it be given.

[2] 4. There was no error in refusing to grant a new trial upon the ground of newly discovered evidence. Stewart's proposed testimony would be merely cumulative. All the so-called newly discovered evidence, for all that appears, was within the knowledge of and available to the defendant at his trial. It does not appear that the trial court abused its discretion.

[3] 5. We are of opinion that evidence of the custom or usage as to gambling and paying commissions on pay checks was irrelevant and immaterial, and therefore properly ruled out. Such custom or usage could not explain the forgery of indorsements.

Error is not made to appear by any of the assignments, and the judgment is affirmed.