GILFORD RUNNELS v. THE STATE.

No. 9260.      Delivered June 17, 1925.

Rehearing Denied, October 21, 1925.

1.—Transporting Intoxicating Liquor—Evidence—Whisky Held to be Intoxicating.

Where upon a trial for transportation of intoxicating liquor, the proof showed that the liquor was whisky, it was not necessary for the state to prove that whisky is intoxicating. It has been judicially recognized by this court, as well as all other courts in America, for many years, that whisky is intoxicating. Following Hambright v. State, 60 Tex. Crim. Rep. 253, and many other authorities to the same effect.

2 —Same—Insanity—Question of Fact—For Jury.

Where upon a trial the sanity of the accused is presented as a defense, and the evidence is conflicting, it is the duty of the Court to submit the issue under appropriate instructions to the jury, and not to affirmatively instruct them that he is shown to be insane, and this court is not authorized to disturb the findings of the jury.

3.—Same—Jury—Verdict of—Collateral Attack—Not Permissible.

Where the appellant assails the verdict of the jury on the ground that the short time elapsing in their retirement evidenced that they had not given the case proper consideration. We know of no rule of practice requiring any specified time for the jury to reach a verdict, and such a collateral attack is not authorized under our laws.

4.—Same—New Trial—Newly Discovered Evidence—Properly Refused.

Where in his motion for a new trial, appellant presents as grounds for same, newly discovered evidence, which clearly appears to have been known to the appellant prior to the trial, and no diligence to secure such testimony is shown, the motion is properly overruled.

5.—Same—Indictment—Motion in Arrest—Comes too Late.

Where a motion in arrest of judgment is presented on the ground that the name of appellant, as set out in the indictment is not his proper name, the objection comes too late. If the defendant's name is improperly stated in the indictment, it is his duty to call the court's attention thereto and have it corrected before he pleads to the indictment, otherwise it is waived. See Branch's P. C. Sec. 466. Following Kinkead v. State, 61 Tex. Crim. Rep. 651.

ON REHEARING.

6.—Same—Insanity—Evidence Insufficient.

On rehearing, appellant's only defense, that of insanity, has been carefully considered. Numerous witnesses testified as to incidents in appellant's life, which caused them to think him insane, but the evidence impresses us as not being such as to warrant this court in declaring that the verdict of the jury was not based upon sufficient evidence. No error which would warrant a reversal appearing in the record, the motion for a rehearing is overruled.

Appeal from the District Court of Shelby County. Tried below before the Hon. Chas. L. Brachfield, Judge.

Appeal from a conviction of transportation of intoxicating liquor; penalty, one year in the penitentiary.

The opinion states the case.

No brief filed for appellant.

*Tom Garrard*, State's Attorney, and *Grover C. Morris*, Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was tried and convicted in the district court of Shelby County for transporting intoxicating liquor and his punishment assessed at one year in the penitentiary.

The testimony briefly stated in this case shows on the part of the State that the appellant and two or three other parties were in a truck and drove up to the town of Dreka where the deputy sheriff was and that he, said deputy, went out to examine the truck and appellant jumped off of the truck and started to run and was overtaken by said deputy and about a quart of whiskey was recovered from him. The deputy testified that it was corn whiskey and that he turned it over to the district clerk; Sanford, and the witness Sanford for the State, testified that it was the same material that the deputy turned over to him and that it was whiskey and in the same condition in which he received it. The appellant offered no testimony in rebuttal of the contention of the State with reference to the transportation, and in fact offered no evidence at all, except as to his mental condition, and made the contention that the State's evidence did not show that the liquor taken from him was intoxicating. As above stated, both of said witnesses for the State testified that same was whiskey. We think the testimony was amply sufficient to show that same was intoxicating. In Branch's Ann. P. C. Sec. 1237, it is stated:

"Proof that the liquor was alcohol or whiskey is sufficient to show that it was an intoxicant", citing Hambright v. State, 60 Tex. Crim. Rep. 253, 131 S. W. 1123, and many other authorities to the same effect.

The appellant in this case has not favored us with a brief but we find in the record eight bills of exception. In bill number one, complaint is made that the verdict is contrary to the law and the evidence in that it is proved beyond a reasonable doubt that defendant was of unsound mind. It is admitted in said bill that the court fully charged the jury upon the question of insanity but the complaint is lodged against the action of the jury in not sustaining said insanity plea of the defendant. It is true that the appellant introduced several non-expert witnesses who after relating what they deemed was evidence of an unsound mind upon the part of the appellant stated that in their judgment the appellant was not of sound mind. The State contented itself upon this issue by proving the action of the defendant at the time of and just prior to his arrest and attempting to conceal the whiskey in question and to elude the officers and by introducing a doctor and having him testify upon the hypothesis predicted upon the theory of the witnesses for the defense. This issue, being an issue of fact left to the jury, and the court properly charging the jury thereon, and their decision against the contention of the appellant on a converted issue, would be binding on this court, and under such circumstances we would be unwarranted in interfering with the decision of the jury thereon.

In bill of exception No. 3, complaint is made to the court permitting the State's witness, Brittain, to testify to having taken the whiskey from the defendant and delivering same to the clerk and that it was the same identical whiskey which he took from the defendant, and that said evidence failed to show that same was intoxicating. We are unable to agree with this contention and as above stated said witness and the said district clerk both testified that it was whiskey and same was properly identified by both witnesses as being the same whiskey taken from the defendant.

In bill of exception No. 5, complaint is made to the action of the jury in returning a verdict so quickly, contending that the jury by reason thereof failed to give proper consideration to the issues involved. We fail to see any force or merit in this contention, and know of no rule of practice or law requiring any specified time for the jury to reach a verdict.

In bill of exception No. 7, complaint is made to the action of the court in not granting a new trial, because it is alleged that new testimony had been discovered since the trial of the cause, to the effect that the defendant thought that he had to run just prior to and at the time of his arrest because the other parties in the truck told

him to run or he would be arrested and was handed the whiskey by the other parties in the truck. The defendant made an affidavit to this effect that after the verdict of guilty was returned, stating that he told his lawyer about this matter immediately after the verdict was reached. It is contended in said bill that owing to the condition of the defendant's mind that he did not make known these facts to his attorney until after the trial. The law in such matters is well established by this court to the effect that in order to obtain a new trial on newly discovered evidence it must be shown that the party was diligent and not for the want of proper diligence that said testimony was not discovered prior to the trial and that same upon another trial would likely result favorably to the defendant. In this instance, it is clearly shown that the defendant knew all of the alleged facts prior to the trial and made no effort to secure said evidence so far as the record discloses; and, therefore, does not come within the requirement of the statute in such cases. It is evidently sought to made an exception of this case to the general rule by urging that the reason same was not known by the attorney was on account of the defendant's mind. The jury having found appellant was sane the rule would apply as to ordinary cases relative to newly discovered evidence.

In bill of exception No. 8, complaint is made because it is alleged that the defendant is indicted in the name Gilford "Runnels", while the evidence shows that his wife spelled her name "Reynolds" and said bill states that the "court erred in refusing to quash the indictment upon the motion of defendant's attorney." We fail to find any motion in the record to quash the indictment because of a variance between the name alleged in the indictment and the proof, but the record discloses that said question was raised in the motion in arrest of judgment and in motion for new trial, so we assume that the appellant by the above statement in referring to motion to quash evidently was referring to motion in arrest of judgment and new trial. At any rate, the bill is not in shape to show any error in the ruling of the trial court. If the defendant's name in the indictment was improperly stated, it was his duty to call the court's attention thereto and have same corrected before he pleads to the indictment, otherwise it is waived. Branch's Ann. P. C., Sec. 466, citing Kinkead v. State, 61 Tex. Crim. Rep. 651, 135. S. W., 573.

We have examined the record carefully and fail to find any error committed by the trial court in this case, and the judgment is accordingly affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

MORROW, Presiding Judge.—According to the State's testimony, appellant was seen by a deputy sheriff sitting on a truck in company with Reynolds and Lout. The truck was in motion and the lights were not burning. The witness threw a flashlight upon the parties and admonished them against driving without a light. Appellant stepped off the truck and walked away. After being told by the officer to stop, appellant trotted off for some little distance but was overtaken. There was taken from his person a container in which there was a small quantity of whisky. This was introduced in evidence upon the trial.

The defense of insanity was interposed. Several non-expert witnesses were called, some of whom gave testimony supporting the theory of insanity. Among these was the wife of the appellant, who said that he "Was not right mentally"; that he was unreliable in his business matters, and improvident in his trading; that upon one occasion she gave him a check to cash and a memorandum of articles that he should purchase for the money; that he had the check cashed but returned with the money and without the articles. She described his conduct as vacillating. Appellant and his wife had been married for about twenty-one years. She conducted a boarding house, and we gather from the testimony that she supported the appellant who was a "ne'er do well."

The witness Lout testified that he was a school-mate of the appellant and related some incidents, all of which are of a very trivial nature and occurred in his school days. He also heard the appellant curse about the house and remark many times about how many negroes he had killed or would kill. At one time the appellant announced as a candidate for constabe in Precinct No. 3, and did some electioneering among people who lived outside the precinct. This witness gave the opinion that, based upon these facts, the appellant's mind was unsound. Some other non-expert witnesses gave testimony of which the foregoing is typical. As we understand their testimony, none of them went to the extent of giving the opinion that the appellant was not capable of understanding right from wrong as to the particular act in question. The physician who qualified as an expert upon mental diseases was called by the State, and upon hypothetical questions based upon evidence adduced upon the subject of insanity by the appellant, gave testimony favorable to the State's view.

Upon a review of the record in the light of the motion for rehearing, the evidence impresses us as not such as to warrant this court in declaring that the verdict of the jury was not based upon sufficient evidence.

After the verdict, appellant announced or explained to his attorneys that he ran because the parties with him told him to do so in order to save himself from arrest. Upon the issue of newly discovered evidence in his motion for new trial, it was claimed that this fact was not previously known to his attorneys; that they would be able to verify the appellant's claim that he was told to run by the persons who were with him. The motion is not supported by the affidavit of the witness who would give the new testimony, nor is there sufficient accounting for the absence of such affidavit. The rules touching newly discovered evidence are less rigid in cases where the defense is insanity. Schuessler v. State, 19 Tex. Crim. App. 472; and other cases collated in Branch's Ann. Tex. P. C. Sec. 33. We do not understand them to dispense with the necessity of supporting affidavits or satisfactory reasons for their absence. See Vernon's Tex. Crim. Stat., Vol. 2, p. 777, note.

Upon the trial judge rests the discretion to pass upon the merits of a motion, and his action is not to be disturbed in the absence of an abuse of discretion. See Shaw v. State, 27 Tex. Rep. 750; and other cases collated in Vernon's Tex. Crim. State., Vol. 2, p. 778, note 2. In the present case, such evidence of mental capacity as was before the court seems to refer rather to weakness of mind than to that infirmity which is required to excuse him from crime. See Coffey v. State, 60 Tex. Crim. Rep. 77; Branch's Ann. Tex. P. C., p. 18, Sec. 30.

Regarding the disposition made of the case upon the original hearing as the correct one, the motion for rehearing will be overruled.

*Overruled.*