## ROSA COLEMAN, ALIAS, V. THE STATE.

#### No. 11159. Delivered November 30, 1927.

**1.—Theft—New Trial—Newly Discovered Evidence—Rule Stated.**

To warrant the reviewing court to set aside a judgment approved by the trial judge upon the ground of newly discovered evidence, it must appear that the evidence was material to the issue, going to the merits and not mere cumulative, corroborative, collateral, or impeaching. It must also appear that the discovery of the evidence before the trial concluded was not due to a want of diligence. See Burns v. State, 12 Tex. Crim. App. 269, and other cases cited.

**2.—Same—Continued.**

The probable truth of the newly discovered evidence, and the likelihood that it will not bring about a different result, is primarily for the trial court. See Cass v. State, 56 S. W. 76, and other cases cited.

Appeal from the Criminal District Court of Harris County. Tried below before the Hon. Whit Boyd, Judge.

Appeal from a conviction for theft, penalty two years in the penitentiary.

The opinion states the case.

*Warren P. Castle* of Houston, for appellant.

*A. A. Dawson,* State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The offense is theft, punishment fixed at confinement in the penitentiary for a period of two years.

According to the state's testimony Showalter, in company with Berry, went into a portion of the city of Houston, where a number of negroes lived. Showalter was endeavoring to find the place of residence of a former servant named Josephine

Kittrell. He had been in the neighborhood before, but in the meantime changes had been made and he entered a house by mistake. Several women were in the house. Showalter asked for information as to the residence of Josephine Kittrell. The appellant volunteered to show him and she, in company with Showalter and Berry, walked out on the street. It was night time and Showalter, recalling that he had a considerable sum of money in his purse, undertook to remove it from his hip pocket to his breast pocket. The appellant, observing the movements, snatched the purse and fled. He had no previous acquaintance with the woman and did not at that time know her name. Upon the trial, however, he and Berry definitely identified her.

The appellant testified that she was at the home of Nora Tucker playing cards when Showalter and Berry entered the house; that she had no previous acquaintance with Berry but knew Showalter. She testified that Showalter was drunk and more or less disorderly; that he was ordered out of the house and left in company with Berry; that she did not accompany him but later left the house in company with Beatrice Goff. She denied any connection with the offense.

Josephine Kittrell testified that she had worked as a servant in the home of Showalter; that on the night in question he came to her house and claimed that he had been robbed and seemed to be excited and frightened.

The witness Berry gave testimony in full accord with that of Showalter. Both of them denied that Showalter was drinking or was guilty of any of the misconduct imputed to him by the testimony of the appellant. The offense was reported to the officers at once and the arrest was made subsequently.

Beatrice Goff supported the testimony of the appellant to the effect that the appellant did not leave the house in company with Showalter and Berry.

The indictment was filed on the 28th day of January, 1927. The trial took place on April 11, 1927. In an amended motion for new trial, filed April 23, 1927, appellant set up a discovery of new evidence, and attached the affidavit of Lewis Wilder, bearing date April 13, 1927, and that of Jewell Brown, bearing date April 11th. It was the substance of Wilder's affidavit that he had heard Showalter state in the presence of Hugh Graham that one of the women in the house stole his money but that he did not know who got it; that this occurred on the 19th of December, 1926, which was the date of the offense. It was the substance of Jewell Brown's affidavit that on the 19th

of December, 1926, she passed Elnora Tucker's house and observed a large crowd of people in the street; that she heard a woman call the name of Mr. Showalter, and that she asked that man where he was robbed, and he said he did not know; that he was robbed in that house (pointing to Elnora Tucker's house) ; that he knew his purse was in his pocket when he went there and missed it on the street; that he seemed to be drunk, excited and mad; that she could smell whiskey; that she did not tell Rosa Coleman about it, but told Tom Coleman on April 11th.

The testimony of each of the witnesses is in its nature impeaching. That of Wilder is not important for the reason that Showalter did not claim to know the name of the woman who he claims stole his money, but learned it later. He did, however, identify the woman upon the trial. To warrant the reviewing court to set aside a judgment approved by the trial judge upon the ground of newly discovered evidence, it must appear that the evidence was material to the issue, going to the merits and not merely cumulative, corroborative, collateral or impeaching. See Burns v. State, 12 Tex. Crim. App. 269, and many other cases collated in Vernon's Tex. C. C. P., 1925, Vol 3, p. 13, Subd. 6, note 25. It must also appear that the discovery of the evidence before the trial concluded was not due to a want of diligence. The averments touching the diligence are extremely meager. The conversation of Jewell Brown with Tom Coleman (the appellant's husband) seems to have been upon the same day on which the verdict was rendered. Tom Coleman was a witness at the trial, but whether Jewell Brown was present at the trial, and what were the relations between her and the appellant's husband, is not disclosed by the record. Assuming however, that the diligence was sufficient, the law demands that such an application be closely scrutinized, and the action of the trial court in refusing it will not be revised unless it is apparent that the discretion vested in the trial judge has been abused to the prejudice of the accused. See Burns v. State, supra., and cases collated in Vernon's Tex. C. C. P., Vol. 3, Art. 753, note 25, pp. 14 and 15; also p. 29, Subd. 32, and p. 30, Subd. 33; also Viser v. State, 98 Tex. Crim. Rep. 201; Ross v. State, 98 Tex. Crim. Rep. 567; Trigg v. State, 99 Tex. Crim. Rep. 376. The probable truth of the newly discovered evidence and the likelihood that it will not bring about a different result is primarily for the trial court. See Cass v. State, 56 S. W. 76, and other cases collated in Vernon's Tex. Ann. C. C. P., 1925, Vol. 3, p. 33, Subd. 35; also

Holloway v. State, 94 Tex. Crim. Rep. 270; Freeman v. State, 95 Tex. Crim. Rep. 515; Mims v. State, 88 Tex. Crim. Rep. 419; Berry v. State, 87 Tex. Crim. Rep. 559; Ray v. State, 98 Tex. Crim. Rep. 480; Weatherall v. State, 100 Tex. Crim. Rep. 514.

Considering the newly discovered evidence in connection with the testimony heard upon the trial and in the light of the principles and precedents to which reference has been made, this court does not feel justified in setting aside the verdict. The judgment is therefore affirmed.

*Affirmed.*