JOHN JOHNSON V. THE STATE.

No. 11427.   Delivered March 7, 1928.

Rehearing denied May 2, 1928.

**1.—Sale of Intoxicating Liquor—New Trial—Newly Discovered Evidence— Diligence Not Shown.**

Where appellant, convicted of the sale of intoxicating liquor, as a ground for a new trial, attached the affidavits of four newly discovered witnesses, but did not allege or prove that the newly discovered testimony could not have been procured on the trial by the exercise of diligence, the new trial was properly refused.

**2.—Same — New Trial — Newly Discovered Evidence — Discretion of the Court—Rule Stated.**

A motion for a new trial based on newly discovered evidence, is addressed to the discretion of the trial judge, whose action thereon will not be disturbed, in the absence of an abuse of his discretion. See Runnels v. State, 276 S. W. 289.

ON REHEARING.

**3.—Same—No Error Disclosed.**

On rehearing, nothing is made to appear that the opinion of this court on the original hearing was not the proper disposition of the appeal, and the motion for rehearing is overruled.

Appeal from the District Court of Fannin County. Tried below before the Hon. George P. Blackburn, Judge.

Appeal from a conviction for the sale of intoxicating liquor, penalty two years in the penitentiary.

The opinion states the case.

No brief filed for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE. — The offense is selling intoxicating liquor, the punishment confinement in the penitentiary for two years.

The state's witness, Esther Haddock, testified that he went to appellant's house and bought a half gallon of whiskey from him. On cross-examination the witness stated that the transaction occurred at 8 o'clock on Saturday night. Everett Bennett, a witness for appellant, testified that he was with Haddock in the vicinity of appellant's home on the occasion in question, which was about nine o'clock on Saturday night, April 2. It appears that Haddock was driving an automobile at the time of the transaction and that it had been raining and was somewhat muddy; that the witness drove up a lane to appellant's house and that those who were with him remained about a quarter of a mile away during the time he was negotiating with appellant for the whiskey.

Appellant denied that he had any transaction with Haddock involving the sale of intoxicating liquors and supported his statement by the testimony of his wife to the effect that he, appellant, did not use whiskey and that no whiskey was kept on their place. He further showed that the state's witness had stated to his, appellant's, attorney in his presence and the presence of others that he could not identify appellant as the person who sold him the whiskey.

Appellant predicated his motion for a new trial in part on the ground of newly discovered evidence. Attached to the motion were the affidavits of four witnesses, which were, in substance, to the effect that on the occasion Haddock claimed he purchased the whiskey from appellant there was a hud hole about three hundred yards from appellant's house which could not be crossed in an automobile. The affidavits of two of the witnesses were further to the effect that on Saturday night, April 2, at about eight o'clock they saw the state's witness, Esther Haddock, coming from the house of appellant with a team of mules; that he came on down the road to a point where his, Haddock's, car was stuck in the mud; that said car was about three hundred yards from and headed in the direction of appellant's house, but had not been nearer to the house than the mud hole; that they helped Haddock get his car out of the mud; that Haddock stated to them that he did not have any whiskey with him and had not gotten any whiskey from appellant; that the witnesses saw appellant going in the direction of his home; that appellant did not come near or talk to Haddock, but that they talked for a few moments with appellant; that appellant was walking and came across his field; that the only way to get to appellant's house was through the mud hole, and that it was impossible to get a car through the mud hole without using a team; that the

witnesses did not state to appellant what they knew about the matter until after the trial.

We note that neither appellant nor his wife testified concerning the mud hole.   Such fact, considered in connection with the further fact that appellant talked to two of the witnesses on the night of April 2, while they were near the mud hole, is destructive of the idea that appellant exercised diligence in securing the absent testimony.   Appellant neither alleged nor proved that the newly discovered testimony could not have been procured by the exercise of diligence.   This was necessary. Behrens v. State, 268 S. W. 172.   A motion for a new trial, based on newly discovered evidence, is addressed to the discretion of the trial court, whose action thereon will not be disturbed in the absence of an abuse of discretion.   Runnels v. State, 276 S. W. 289.   There being no sufficient showing of diligence, the trial court did not err in overruling the motion.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—An examination of the appellant's motion for rehearing leaves this court of the opinion that on the original hearing the proper disposition of the appeal was made.

The motion is overruled.                    *Overruled.*