CHESTER EMANUEL v. THE STATE.

No. 12466.   Delivered April 10, 1929.
Rehearing denied May 15, 1929.

The opinion states the case.

*W. O. Dailey* of Houston, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Offense, felony theft; penalty, two years.

Appellant was charged with the theft of an automobile. It is shown that a Buick automobile was taken at about ten o'clock at night from in front of the owner's residence. The owner heard the car start. A witness nearby saw the appellant acting suspiciously in front of the owner's residence and observed that he got in the Buick car and drove away. Driving the car a few blocks, appellant parked same, left it hurriedly, got in a Ford car and drove off, whereupon an officer chased him and brought him back under arrest.

It is claimed that the evidence is insufficient. We observe that the charge of the Court submitted to the jury the question of whether appellant only took the car to temporarily use it without any fraudulent intent. Under appropriate instructions the jury found against appellant on this issue and we deem the evidence sufficient to sustain the finding of the jury.

Motion for new trial was made setting up newly discovered evidence. Attached thereto are two affidavits sworn to by witnesses before appellant's attorney. Appellant was indicted on August 31. He was tried September 19. Both of these witnesses are shown to have been willing to testify to an alibi for appellant, each affirming that they were with him on the night of the alleged offense at time which made it impossible for him to have committed the theft. This fact must have been known to the appellant from the time he was arrested, yet no subpoena was issued for these witnesses. Testimony which is known to appellant before the trial is not newly discovered. In addition we will further observe that the affidavits of these witnesses were sworn to before appellant's attorney and cannot be considered. Garner v. State, 272 S. W. 167. We are of the opinion that the Court's action was correct in overruling the motion for new trial.

No errors appearing in the record, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—The testimony adduced is deemed sufficient to support the verdict of the jury. That the ap-

pellant unlawfully took possession of the car in question is well supported by the proof, though controverted by the appellant's testimony. His conduct immediately before and at the time of the taking of the car, which was observed by one of the witnesses, subjected him to suspicion. His actions thereafter, including the rapidity with which he acted in transferring from the Buick car to the Ford car and the apparent flight, together with the other facts set out in the original opinion, were sufficient to support the conclusion of the jury that the appellant's intention in taking possession of the Buick car was to appropriate it to his own use and deprive the owner of its value.

The motion is overruled.

<em>Overruled.</em>