## FOGEL v. UNITED STATES.
### No. 12181.

Circuit Court of Appeals, Fifth Circuit.

May 7, 1948.

Rehearing Denied May 28, 1948.

SIBLEY, Circuit Judge, dissenting.

———◆———

Howard Dailey of Dallas, Tex., for appellant.

Frank B. Potter, U. S. Atty., of Fort Worth, Tex., Wm. Cantrell, Jr., and Clyde G. Hood, Asst. U. S. Attys., both of Dallas, Tex., for appellee.

Before SIBLEY, McCORD, and LEE, Circuit Judges.

McCORD, Circuit Judge.

Samuel Hannah Fogel was indicted on January 22, 1947, for having failed to register for the draft on or about February 16, 1942, in violation of the Selective Training and Service Act of 1940, as amended, c. 720, 54 Stat. 885, 50 U.S.C.A. Appendix, § 301 et seq.

On February 19, 1947, having waived a trial by jury, Fogel was tried by the court, convicted, and sentenced to serve eighteen months in a penitentiary, and to pay a fine of $1,000.00. From his judgment of conviction and sentence thereon appellant duly appealed to this court, and on June 12, 1947, the judgment of the district court was here affirmed. Fogel v. United States, 5 Cir., 162 F.2d 54.

On August 21, 1947, appellant petitioned the Supreme Court of the United States for writ of certiorari to review the affirmance of his conviction. Certiorari was denied on October 20, 1947. Fogel v. United States, 332 U.S. 791, 68 S.Ct. 99.

Thereafter, on November 3, 1947, and prior to his commitment under the mandate, appellant filed a motion for a new trial on the ground of newly discovered evidence, as permitted and allowed under Rule 33, Rules of Criminal Procedure of the District Courts of the United States 18 U.S.C.A. following section 687. Hearing on the motion was had before the district court on November 12, 1947; two days later, after evidence and argument of counsel thereon, the motion was denied. Appellant thereupon filed this appeal, alleging the district court abused its discretion in overruling his motion for a new trial.

At the hearing appellant introduced, as newly discovered evidence, various exhibits, affidavits, and the testimony of several witnesses, all purporting to establish that on the date he was charged with the offense of failing to register for selective service, appellant was over the maximum registration age of 45 years, and was therefore not guilty of the crime as charged in the indictment. In support of his contention, appellant offers a certified copy of the entry of one Schloime Vogel into the United States, on June 30, 1913. This emigrant was then listed as 20 years of age, having come to this country to join his brother, one Josef Vogel, then residing in Philadelphia, Pennsylvania. A certified copy of one Sam Hannah Fogel's registration for the draft during World War I was also introduced, on which Fogel's age, as of June 5, 1917, was listed as 23 years. Two affidavits of Philadelphia residents further purport to establish that Schloime Vogel and appellant are one and the same person.

Appellant contends that these affidavits and exhibits, together with the testimony of several witnesses introduced to substantiate the information listed thereon, prove that he, Samuel Hannah Fogel, is one and the same person as the emigrant, Schloime Vogel, who entered the United States in 1913 when he was 20 years of age, and registered for the draft during World War I when he was 23 years of age; that this newly discovered evidence shows that he was at least 48 years old on February 16, 1942, which date was set for the registration of only those males between the ages of 19 and 45; that he was therefore not required by law to register on that date, and is not guilty of the crime charged.

The Government's testimony sharply contradicts that of appellant, as to whether he is actually the same person as Schloime Vogel. The evidence reveals a wide discrepancy in physical descriptions between the emigrant, Schloime Vogel, and the appellant, Samuel Hannah Fogel. The description of the former, as listed in the certified copy of his record of entry into the United States, listed that emigrant as being 5 feet, 5 inches in height, possessing a fair complexion, light brown hair, gray eyes, with birthplace in Rozyny, Russia; whereas the appellant, according to practically undisputed testimony, has been since the first World War a man 5 feet 8 inches in height, with brown eyes, black hair turning gray, dark complexion, with place of birth in Racianz, Poland, or Melva, Russia. It was further shown that appellant's representations of his age, as purportedly revealed by these exhibits, was inconsistent with many other statements concerning his age, some of which were under oath, made by him to various government officials, to a number of life insurance companies when filling out applications for insurance over a period of years, on all of which he stated he was born in 1898, and even to a deputy United States Marshal at the time of his arrest. Before his case arose, with the possible exceptions of the emigration certificate and his registration for World War I, appellant seems consistently to have maintained his year of birth was 1898. Now and since the time of his trial he maintains he was born in 1894.

It is without dispute that appellant not only failed to register for Selective Service on February 16, 1942, the date set by Presidential Proclamation No. 2535 for the registration of all males between the ages of 19 and 45, but that he further failed to register on and after April 27, 1942, the date set by a second Presidential Proclamation No. 2541, 50 U.S.C.A.Appendix, § 302 note for the registration of all males between the ages of 19 and 65. There is no dispute that appellant is under 65 years of age.

 We are of opinion the trial court properly exercised its discretion in overruling appellant's motion for a new trial. It is well settled that the action of a trial court in this regard is not subject to review unless it be clearly shown that the court abused its discretion, or failed to exercise it. Prisament v. United States, 5 Cir., 96 F.2d 865; Luke v. United States, 5 Cir., 84 F.2d 711, 712; Nichols v. Republic Iron and Steel Company, 5 Cir., 89 F.2d 927, 928.

■ The record clearly shows that the evidence here presented is not newly discovered. Gwinn v. United States, 5 Cir., 294 F. 878, 880; Payton v. Ideal Jewelry Mfg. Co., 1 Cir., 7 F.2d 113, 114; Coleman v. State, 108 Tex.Cr.R. 323, 300 S.W. 59, 60; Emanuel v. State, 112 Tex.Cr.R. 412, 16 S.W.2d 1083, 1084. The rule has long been established that evidence obtained after trial, in order to be newly discovered in a legal sense, must have been unknown and unavailable to the defendant himself at the time of his trial. Appellant here has wholly failed to discharge his burden of proving that the additional evidence he now seeks to introduce is, in fact, newly discovered, and that the failure to produce same at the time of trial was not due to any lack of diligence on his part. Prisament v. United States, 5 Cir., 96 F.2d 865, 866; Weiss v. United States, 5 Cir., 122 F.2d 675, 691, 692.

If it be conceded that appellant and Schloime Vogel are one and the same person, which we in no wise do, the conclusion is still inescapable that he knew this at the time he was indicted and tried. Such information, if true, was by its very nature peculiarly within his knowledge, and therefore could not be newly discovered as far as he was concerned. At the time of his trial appellant knew, or should have known, the approximate date of his arrival in this country, the name under which he was registered, the place from which he sailed, the port at which he landed, the name of the ship on which he sailed, the country and place of his birth, and all other information now offered as newly discovered evidence. Yet throughout his trial and the hearing on his motion for a new trial appellant claimed his constitutional right, and declined to offer any testimony whatever in this regard. Moreover, it appears that no order for a continuance was ever sought from the court, on the ground that the evidence now sought to be introduced was not available to appellant at the time of trial. Absolutely no facts whatever are alleged from which we may reasonably infer diligence on the part of appellant, although he was and is represented by able counsel. It further appears that although appellant waived his right to a jury trial, he now urges that he is entitled to a reversal in order that a jury may now pass upon the alleged newly discovered evidence, all of which was peculiarly within his personal knowledge at the time of his trial.

When we come to consider the evidence fully and fairly, as we have attempted to do, we find that the trial court in no wise abused its discretion in overruling appellant's motion for a new trial, but exercised a patience and forbearance in hearing and weighing the evidence and argument thereon which bespeaks his earnest desire to ascertain the true facts. The defendant has never been imprisoned but has at all times been permitted to make bond and carry on his business since the return of the indictment. To grant a new trial to this defendant on the evidence as disclosed by this record, is an invitation to make a mockery of justice.

We find no reversible error in the record and the judgment is therefore

Affirmed.

SIBLEY, Circuit Judge (again dissenting).

This case suffers from the predilections of all its judges. The district judge convicted Fogel and sentenced him to the penitentiary; he is for upholding his previous decisions. In this court the same judges are sitting who heard the former appeal, and the same two again affirm the conviction. I am more convinced than ever, not that "to grant a new trial is to invite mockery of justice", but that justice is mocked by not granting one.

The indictment, filed January 22, 1947, charges a failure to register "on or about the sixteenth day of February, 1942". That is the date on which by Presidential proclamation persons between 18 and 45 years of age were required to register. Fogel was tried for failing to register on that date, being under 45. The whole controversy in the trial was whether he was under 45, or over 45. The judge in finding him guilty said: "In this case, as to the matter of age, the defendant on oath fixes

his age (in applying for citizenship) as of July 10, 1898. In the light of the record we are of opinion that this should be accepted as true. * * * We think that it correctly fixes the age of defendant". He thereupon found him guilty. In overruling the present motion for new trial for newly discovered evidence the final conclusion in his opinion is: "But if we were to concede that it was newly discovered evidence and that his birth date was back in 1894 instead of 1898, under the law as pointed out by the district attorney it would have been his duty to have registered (meaning on April 27, 1942, when by a second proclamation all under 65 were required to register) and we believe he could be put on trial again, if we granted a new trial, under the indictment as it now exists. And that being the case, we see no reason for setting aside the judgment and granting a new trial". The present majority opinion also relies on the fact that Fogel, being under 65, did not register on April 27, 1942. But he was not indicted nor tried for failing to register on that date or on that basis, and on review by the district judge, and in this court, the charge cannot be thus shifted to sustain the conviction. That process was held not to be due process in the recent case of Cole v. State of Arkansas, 68 S.Ct. 514.

The other reasons given by the district judge equally show an abuse of discretion. He dwells on Fogel's confusion about his age, in that while in 1917 he registered (as now for the first time appears) for World War I he put his birth year as 1894, yet twenty years later in applying for insurance policies he made it July 10, 1898, and finally in 1946 in applying for citizenship he put the same date, and since his trial in this case he plead guilty to false swearing in connection with that application and was put on probation in view of this prison sentence. "Now he seeks a new trial the effect of· which would be to relieve him of serving any prison term in either case." Fogel's confusion about his age, and his misstatements about it merely go to show that his "admissions" on which he was convicted are quite unreliable, and insufficient to sustain the Government's

burden of showing he was less than 45 years old beyond a reasonable doubt. The Government has no other evidence at all about his age. And to refuse a new trial in order the more certainly to keep the defendant in the penitentiary on some charge is surely on its face a gross abuse of discretion.

As to the immigration record, the judge said: "Now when this man came over here he was a bright young fellow twenty years of age. He showed good judgment in coming right straight to Texas." This shows that the judge was convinced that the immigration record which fixed the age as then 20, and not 16, referred to Fogel, as the older brother, Josef Fogel, and two witnesses from Philadelphia who saw the immigrant on his arrival swear. The name in the record is Schloime Vogel. The testimony is, and it is generally known, that Vogel is a German name pronounced the same as English Fogel; they are the same name, completely idem sonans. Schloime is Yiddish, the accent is on the i, pronounced as English ee, and the final e is pronounced as a syllable. The English pronounciation is "Schlema", as the stenographer phonetically spelled it in his report of Josef's testimony in the original trial, when he said the defendant came to him in Philadelphia under that name in June, 1913, aged 20 years. There is a discrepancy in height, which was probably guessed at, and in hair and eye color perhaps seen by the inspector in a bad light. If it does not refer to this immigrant, as three unimpeached witnesses testify, to whom does it refer? It exactly supports in name, date of arrival, and age what Josef testified in the trial before he had seen the record, as does the registration record for World War I of Sam Fogel, which gives in 1917 the age as 24. In my former dissent I thought Josef's unimpeached testimony ought to have prevailed. Thus supported I think it would prevail before an impartial jury.

As to the record evidence being newly discovered, of course Josef and Sam knew that Sam came to Philadelphia in 1913, and there ought to be a record of his entry. The Bureau of Immigration and Natural-

ization was asked for it and reported that none could be found. It has since been found. How can the Government, which had the record all the while and said it did not exist, assert a want of diligence in producing it? It became available to Fogel only since the trial, and is newly discovered within the law of new trials. It strongly supports the testimony of Josef, the only living witness who knows the fact of Sam's age, and would likely produce a different result on another trial. Sam may deserve to be in the penitentiary, but he ought to be sent there according to law, if at all. I repeat my dissent.