## AUGUST MANN v. THE STATE.

1. WITNESS.—The prohibition against the husband and wife testifying against each other (Paschal's Dig., 3113) does not extend to parties unlawfully living together, recognizing each other as husband and wife.
2. SAME—DIRECT QUESTIONS.—It is within the discretion of the District Court to allow direct questions to a witness who shows an unwillingness to testify.
3. NEW TRIAL.—That the principal witness for the State in an affidavit stated that her testimony as given on the trial was incorrect, and her mother, by affidavit, stated that she was unreliable, are grounds for new trial as newly-discovered evidence.

APPEAL from Galveston. Tried below before the Hon. A. P. McCormick.

The appellant was convicted of rape upon Teresa Lotke, a girl of about twelve years of age, and daughter of a woman with whom he had been living for several years as man and wife.

On the trial Teresa appeared as witness; was much excited when placed on the witness stand; at first declared that the accused had never injured her. Being again examined by direct questions, facts showing the guilt of the accused were elicited. The mother testified that her daughter had complained to her on the day of the alleged offense, but had at other times come to her with complaints.

Two physicians were examined. Their evidence was contradictory as to whether the person of the prosecutor had been violated, both having made examination.

In support of a motion for new trial the girl Teresa made affidavit that her first statement was correct, and that her answers subsequently given were from ignorance of their effect, and that they were incorrect. Her mother, by affidavit, stated that she was unreliable.

The motion for new trial was overruled, and defendant appealed.

*Waitz & Olfson*, for appellant.

*George Clark, Attorney General*, for the State.

GOULD, ASSOCIATE JUSTICE.—The Code of Criminal Procedure, following the common law, provides that "the husband and wife can in no case testify against each other except in a criminal prosecution for an offense committed by one against the other." (Paschal's Dig., art. 3113.) There is nothing in the language of the code to justify the extension of this prohibition beyond its terms or beyond the common-law rule, so as to embrace parties who, though never legally married, in violation of law lived together and recognized each other as husband and wife. (Rosc. Cr. Ev., p. 148; 1 Phillips's Ev., pp. 69, 70; 1 Whart. Am. Cr. Law, (6th ed.,) sec. 772; Bathews *v.* Golindo, 4 Bing., 610.)

It follows that the objection to the competency of Mrs. Lotke or Mrs. Mann was properly overruled.

The court did not err in permitting leading questions to the witness, Teresa Lotke, under the circumstances stated in the bill of exceptions. It is a matter much within the discretion of the court, and in this case we see no reason to hold that this discretion was not properly exercised.

The charge of the court was explicit, full, and fair, and, indeed, has not been objected to.

We think, however, that a new trial should have been granted.

Looking to the fact that without the testimony of Teresa Lotke no case is made out against the defendant; that on

the stand she at first wholly exculpated him from the crime; that her testimony inculpating the accused was drawn out by leading questions at a subsequent stage of the trial, and was of itself indefinite and unsatisfactory as to the degree of resistance made and force used; that her demeanor on the stand showed great excitement and timidity; that the testimony of her mother as to complaint made by her daughter is also indefinite, and the medical testimony contradictory; that the witness, Teresa, after the trial, made oath that her first statements when on the stand, to the effect that the accused had not injured her, were true, and her statements to the contrary were made not knowing their bearing, and were untrue; that her mother, Mrs. Lotke, likewise swore, in support of the motion for new trial, that her daughter was weak-minded and unreliable. We think the case was such as required that the motion for a new trial should be granted.

It has been held a good ground for new trial in civil cases that a material witness had since the trial been convicted of perjury on his own confession. (Great Falls Man'f. Co. *v.* Matthews, 5 N. H., 174.)

So where a witness makes affidavit of his own mistake. (Richardson *v.* Fisher, 1 Benj., 145.)

Looking at the entire case, including the affidavits, it is our opinion that the guilt of the appellant was left too uncertain, and the character of the evidence against him appeared too frail and unreliable, to justify the court in refusing him another trial.

The affidavits certainly show material testimony, which comes sufficiently within the meaning of new testimony, discovered since the trial. The statute regulating new trials in criminal cases should be liberally construed to promote the ends of justice.

Because the court erred in refusing a new trial, the judgment is reversed and the cause remanded.

REVERSED AND REMANDED.