### KING SIMS V. THE STATE.

*No. 3374.    Decided January 30.*

1. **Continuance—Bill of Exceptions, Necessity for.**—A bill of exceptions reserved to the ruling of the court in overruling the motion for continuance is absolutely essential to appellant's right to have the matter revised or reviewed on appeal.

2. **Bill of Exceptions.** — Where bills of exception fail to state the grounds or reasons for the exceptions urged, they are too indefinite to be considered.

3. **Objections to Evidence.**—Objections to evidence admitted on the trial, when no reason for the objection is stated, will not be sustained if the evidence would be competent as tending to prove any fact put in issue by the pleadings.

4.  Evidence — Husband and Wife Prohibited from Testifying for Each Other—Not so with Parties Illegally Cohabiting.—The statute, Code of Criminal Procedure, article 734, prohibiting husband and wife from testifying against each other does not embrace parties who are not legally married but who are living together in adultery, nor parties who are unmarried but who live together and recognize each other as husband and wife.

APPEAL from the District Court of McLennan.    Tried below before Hon. L. W. Goodrich.

On a trial under an indictment which charged him with the murder of one Ed. Brandon, appellant was found guilty, and his punishment assessed at death.    Ed. Brandon, the murdered man, was a bachelor, 50 years of age, who lived by himself some nine miles from Waco; he was a white man, defendant a negro.    Defendant had been hired by Ed. Brandon for a day or so, with others, to pick cotton.    At the time he was paid off and discharged he told the parties who were with him that he had seen Brandon with a roll of money, and talked to them about robbing him.    It was only some six or eight days after this that the dead body of Brandon was found in his house and the house ransacked.    Appellant was found in possession of and wearing deceased's Sunday clothing, his shoes, and hat; and also seen in possession of money.    These facts were testified to at the trial; and more than that, Lizzie Williams, a negro woman, the kept mistress of the defendant, testified to defendant's confession to her that he had killed Ed. Brandon, the deceased, and that he killed him to get his money, etc.

No brief on file for appellant.

*R. H. Harrison*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of murder in the first degree, and the jury assessed his punishment at death.    When the cause was called for trial the appellant moved for a continuance, which was overruled by the court, and this ruling is assigned as error.    Defendant reserved no bill of exceptions to this ruling, therefore the action of the court will not be revised.    Willson's Crim. Stats., sec. 2187.

Bills of exceptions numbers 1, 2, 5, and 6 are reserved to the ruling of the court permitting the State's attorney to ask certain questions, and admitting answers thereto.    These bills of exception are too indefinite to be considered.    The grounds or reasons for the exceptions urged are not stated in any of the bills of exception.    Davis v. The State, 14 Texas Ct. App., 645; Jacobs v. The State, 28 Texas Ct. App., 79; Quintana v. The State, 29 Texas Ct. App., 401; Tweedle v. The State, 29 Texas Ct. App., 586.    Objections to evidence admitted on the trial, when no reason for the objection is stated, will not be sustained if the evidence

would be competent as tending to prove any fact put in issue by the pleadings. Summers v. The State, 5 Texas Ct. App., 365; Davis v. The State, 14 Texas Ct. App., 645. We have carefully considered these bills of exception, because of the importance of the case and the severity of the punishment, and do not believe that any valid objection could have been stated to the admitted evidence in the light of the record and the relation of said evidence to the other facts contained in the statement of facts. We think the evidence was admissible.

Lizzie Williams, the mistress of appellant, was permitted to testify for the State over his objection. It is insisted by the appellant that the intimate relation between himself and the witness was tantamount to the relation of husband and wife. This position is not well taken. The statute prohibiting husband and wife from testifying against each other does not embrace parties who are not legally married but who are living together in adultery, nor parties who are not married but who live together and recognize each other as husband and wife. Code Crim. Proc., art. 734; Mann v. The State, 44 Texas, 642, and authorities there cited.

The evidence proves appellant guilty of murder in the perpetration of robbery beyond any question. His confession also, both as to the murder and his motive of robbery, makes a clear case of murder in the first degree. The evidence proves both the murder and robbery of deceased by defendant, independent of his confessions. While the extreme penalty of the law has been inflicted, there is no reason disclosed by the record before us why the judgment of the court should be reversed, and it is therefore affirmed.

*Affirmed.*

Judges all present and concurring.