Rufus Ferguson v. The State.

No. 1715. Decided April 17, 1912.

Rehearing Granted May 8, 1912.

1.—Local Option—Recognizance—Reinstatement.

Where the recognizance did not state the punishment assessed, the same was insufficient. However, a new recognizance conditioned as the law requires having been filed, the appeal was reinstated.

2.—Same—Indictment—Date of Election.

Where appellant filed a plea to the insufficiency of the indictment in the

Appellate Court, contending that the same did not allege the date when pro-
hibition was adopted in the county of the prosecution, the same came too late.

**3.—Same—Law in Force.**

Proof must be made that the local option law had been adopted in the
county of the prosecution. Otherwise, a conviction can not be sustained.

**4.—Same—Newly Discovered Evidence.**

Where the alleged newly discovered evidence was material and had not
come to the knowledge of the defendant before trial, a motion for new trial
should have been granted.

Appeal from the County Court of Madison. Tried below before
the Hon. Tom D. Clark.

Appeal from a conviction of a violation of the local option law;
penalty, a fine of $25 and twenty days confinement in the county jail.

The opinion states the case.

*J. M. Brownlee* and *Carl T. Harper,* for appellant.—On the ques-
tion of the insufficiency of the indictment: Head v. State, 64 Texas
Crim. Rep., 112, 141 S. W. Rep., 536.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—The Assistant Attorney-General has moved to
dismiss the appeal, because the recognizance is not in compliance with
article 919 of the Code of Criminal Procedure. The recognizance does
not state the punishment assessed, and the motion is sustained. May
v. The State, 40 Texas Crim. Rep., 196; Johnson v. The State, 49
S. W. Rep., 594; Martin v. The State, 89 S. W. Rep., 642.

Appeal dismissed.

*Dismissed.*

### ON REHEARING.

#### May 8, 1912.

HARPER, JUDGE.—On a former day of this term this case was
dismissed on account of a defective recognizance. A new recogni-
zance, conditioned as required by law, has been filed.

Appellant in this court, for the first time, files a plea to the in-
sufficiency of the indictment, because it does not allege the date when
prohibition was adopted in Madison County. The plea comes too
late. Such plea must be presented before trial, and will not be con-
sidered after the verdict is rendered. Hamilton v. State, and Myers
v. State, recently decided but not yet reported.

Appellant presented a special charge requesting the court to in-
struct the jury to return a verdict of not guilty, as the State had
introduced no evidence that local option had been adopted in Madison
County. He reserved a bill of exceptions to the action of the court
in refusing said instruction, and the court, in approving the bill, cer-
tifies that no evidence was introduced. We can hardly see upon what

ground a new trial was refused under such circumstances. Proof must be made that the local option law has been adopted, otherwise a conviction can not be sustained.

A plea of newly discovered evidence was urged in the motion. The State's witness had testified that he purchased whisky from appellant, and secured a bottle from Howard Terrell, who was present. Terrell files an affidavit, attached to the motion, that such evidence is not true, and that the prosecuting witness never obtained a bottle from him, nor was he ever present when appellant sold any whisky. Under the circumstances we think a new trial should have been granted on this ground, as appellant makes an affidavit that he never knew that such would be the testimony until the prosecuting witness testified, and he could not then obtain the attendance of the witness Terrell.

The judgment is reversed and cause is remanded.

*Reversed and remanded.*