### FRANK AMES v. THE STATE.

No. 8704.   Delivered June 24, 1925.

Rehearing denied December 2, 1925.

1.—Transporting Intoxicating Liquor—Requested Charge—Properly Refused.

Where, on a trial for transporting intoxicating liquor, appellant presented a special charge with reference to the second count in the indictment, the court's charge having eliminated that count, the requested charge was properly refused.

2.—Same—Argument of Counsel—Bill of Exception—No Error Presented.

Where a bill of exception complains of the argument of counsel for the State and does not state the circumstances or connection in which the remarks objected to were made, we cannot pass intelligently on such bill, and no error is presented.

### 3.—Same—Requested Charge—Must Show When Presented.

Where a special charge is requested, and it does not show to have been presented to the court prior to the reading of the general charge, and no exception noted or shown to the refusal of the court to give said charge, no matter is brought before us for review.

### 4.—Same—New Trial—Non-Resident Juror—Properly Refused

Where the objection that a juror who served on the jury was not a resident citizen of the county is raised for the first time on a motion for a new trial, there was no error in overruling such motion. Following Leeper v. State, 29 Tex. Crim. Rep. 63 and other cases cited by the State.

### 5.—Same—Charge of Court—On Reasonable Doubt—Practice.

It is not necessary for the court in his charge to the jury to couple the reasonable doubt with each paragraph of his charge, though it is better practice in presenting defensive issues to embrace within their submission affirmatively the reasonable doubt. Where the court in his main charge charged on reasonable doubt, and also charged again on reasonable doubt in connection with circumstantial evidence, it is held sufficient.

### ne—Jury Wheel—Motion to Quash—Properly Overruled.

Appellant presented a motion to quash the jury panel because it is alleged that there was error shown in filling the jury wheel. The same point raised here was decided adversely to appellant's contention on May 27, 1925, in the case of Hart v. State, unreported.

### 7.—Same—Sentence Incorrect—Reformed.

The sentence in this case being incorrect, in that it condemns appellant to serve not less than three, nor more than three years, is reformed to read, for a term of not less than one nor more than three years, and as reformed, is affirmed.

#### ON REHEARING

### 8.—Same—Argument of Counsel—Held Not Improper.

Where the evidence disclosed that appellant was seen by an officer to hide a bottle of whiskey under a trash can, and was in the act of depositing another bottle at a different place in an alley when arrested, there was no error in the argument of state's attorney in discussing what act would constitute transportation to illustrate his argument by statement that a moving of whiskey from one room to another in a hotel would establish a transportation.

Appeal from the District Court of Eastland County. Tried below before the Hon. Geo. L. Davenport, Judge.

Appeal from a conviction of transporting intoxicating liquor, penalty three years in the penitentiary.

The opinion states the case.

*Burkett, Orr & McCarty,* for appellant.

*Tom Garrard*, State's Attorney, and *Grover C. Morris*, Assistant State's Attorney, for the State.

On the issue of the qualification of a non-resident juror, the State cites: Leeper v. State, 29 Tex. Crim. Rep. 63; Watson v. State, 82 Tex. Crim. Rep. 462; Squyres v. State, 92 Tex. Crim. Rep. 160.

BAKER, JUDGE.—The appellant was indicted and convicted in the District Court of Eastland County for transporting intoxicating liquor and his punishment assessed at three years in the penitentiary.

We find in the record four bills of exception complaining of the action of the trial court as therein set out.

Bills one and two complain of the action of the court in refusing to instruct the jury to return a verdict of not guilty. We are of the opinion that the court committed no error in refusing said special charges therein contained.

Bill of exceptions No. 3 complains of the action of the court in refusing to give to the jury defendant's special charge in effect instructing the jury to find the defendant not guilty in the second count of the indictment. The court in his charge to the jury eliminated the second count in the indictment, and there could be no possible error in his refusing this special charge.

Bill of exceptions No. 4 complains of the argument of the State's attorney in stating that if a man lives in one room of a hotel he could not take liquor out of his room to another room as same would be transporting, and the jury ought to be careful and turn a criminal loose on society, and that it was the duty of the court to charge on circumstantial evidence if there was the slightest circumstantial evidence in the testimony. This bill is very meagre and does not state the circumstances or connection in which said remarks were made, and as presented does not show any error in the ruling of the court thereon.

The appellant also complains in his brief at the refusal of the court to define the term "transport." Special charge No. 1 requested by the defendant and refused by the court embraces a definition of what the term means, but said special charge does not show to have been presented to the court prior to the reading of the general charge and no exception noted or shown to the refusal of the court in failing to give said charge, and in this condition we are forced to presume that the court's action in refusing same was correct.

Appellant complains of the action of the court in overruling his motion for a new trial because it is alleged and shown that the juror Holmes was not a resident of Eastland County at the time he served as a juror in this cause. We are unable to agree with the contention made in this particular nor conclude that the court was in error in overruling said motion. We think the cases cited by the state, to-wit: Leeper v. State, 29 Tex. Crim. Rep. 63; Watson v. State, 82 Tex. Crim. Rep. 462; Squyres v. State, 92 Tex. Crim. Rep. 160, are in point and hold against the contention of the appellant herein.

The appellant urges complaint against the fifth paragraph of the court's charge because it is alleged that the court should have charged the jury in connection therewith that if they had a reasonable doubt as to whether or not the defendant transported the whiskey in question they should acquit him. The court in his main charge charged on reasonable doubt, and also charged again on reasonable doubt in connection with his charge on circumstantial evidence, and we are of the opinion that there is no error committed by the court in the particular complained of.

Error is also lodged against the action of the court in not sustaining the motion to quash the jury panel because it is alleged that there was error shown pertaining to the filling of the jury wheel. This identical point was before this court in the case of Hart v. State, and was decided adversely to the appellant's contention on May 27, 1925, yet unreported, and we refer to that case for the court's holding on this point in question, and the authorities therein cited.

After a careful examination of the record, we fail to find any error committed by the trial court and are of the opinion that this case should be affirmed. We notice in the sentence of the appellant in this case that the court failed to follow the law relative to indeterminate sentences and stated that the appellant should be confined in the penitentiary for a term of "not less than three nor more than three years". We therefore reform said sentence, and the defendant is committed to the penitentiary for a term of not less than one nor more than three years. The judgment and sentence of the lower court is therefore reformed and affirmed, as herein stated.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

MORROW, Presiding Judge.—The motion for rehearing is brief. It simply states that this court committed error in overruling the bills of exception.

The evidence in the case, coming ·from the State, is quite sufficient to support the verdict. There was direct evidence that the appellant had upon his person two bottles of whiskey; that he carried them upon the street and deposited one of them under a trash can and apparently was in the act of depositing the other bottle at a different place in an alley when he was apprehended by an officer who was watching him. There were circumstances pointing to the possession of other whiskey in an automobile. Appellant testified that he had no whiskey and did not ride in an automobile.

The action of the court in refusing to instruct a verdict for the appellant is well supported by the evidence. The effect of the court's charge, as indicated in the original opinion, was to instruct an acquittal upon the second count of the indictment. It was eliminated from the consideration of the jury.

As applied to the evidence, a synopsis of which is given above, the remarks of counsel, of which complaint is made in Bill of Exceptions No. 4, are not of a nature to require a reversal of the judgment. The facts developed, as stated above, are sufficient to show that the appellant transported whiskey upon the street, and that he did not simply move it from one room in a hotel to another, as mentioned in the illustration to which the argument relates.

The other questions presented by the record are discussed and, we think, fully and correctly disposed of in the original opinion.

The motion is overruled.

*Overruled.*