### PINK HUTSON v. THE STATE.

No. 10745.     Delivered March 2, 1927.

1.—Possessing Equipment, Etc.—Juror Not Resident Citizen—No Injury Shown.

Where, on a trial for possessing equipment for the manufacture of intoxicating liquor, appellant complains that one of the jurors who sat on the case was not a resident citizen of the county. After hearing evidence, the court ruled that he was a resident citizen of Bosque County, and no error is shown in his ruling. If the juror had not been a resident citizen of the county, in the absence of injury shown, same would not be ground for setting aside the verdict. Following Ames v. State, 277 S. W. 661; Squyres v. State, 242 S. W. 1044.

**2.—Same—Sentence—Reformed.**

The trial judge in passing sentence upon the appellant failed to observe the indeterminate sentence law, and sentenced appellant to serve one and one-half years in the penitentiary. Said sentence is now reformed and corrected to read not less than one and not more than one and one-half years, and as reformed is affirmed.

Appeal from the District Court of Bosque County. Tried below before the Hon. Irwin T. Ward, Judge.

Appeal from a conviction for possessing equipment for the manufacture of intoxicating liquor, penalty one and one-half years in the penitentiary.

The opinion states the case.

No brief filed for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted of unlawfully possessing equipment for the manufacture of intoxicating liquor, and his punishment assessed at one and one-half years in the penitentiary.

The record discloses that a constable observed the appellant making whiskey in a fifty-gallon oil barrel, with the whiskey running out into a jug; and that there were eight barrels of mash around the still, in addition to empty barrels that had previously contained mash. It was the contention of the appellant, and he so testified, that an acquaintance of his had told him where he might obtain a drink of whiskey, and that while searching for the place he discovered the still in question. He further testified that upon approaching the still he saw two men apparently operating it, but that they took flight upon his approach; and that after drinking some of the beer and whiskey he became unconscious of what he was doing and did not know whether or not he "chunked up the fire" around the still, as contended by the state's witness.

The only bill of exception in the record is based upon the action of the court in refusing to grant the appellant a new trial because one of the jurors, P. E. Dansby, was not a resident citizen of Bosque County, according to appellant's contention. The court heard evidence on this issue, which disclosed that the juror had lived in Bosque County for many years, and that in May prior to the trial in October he had gone to Tom Green and Mitchell Counties temporarily for the purpose of securing work and had remained there about four months, but with no intention of abandoning his residence in Bosque County. Upon this evidence, the court held that this juror was qualified to sit in the

case. There is no error shown in this ruling. Furthermore, there is no complaint urged as to any injury resulting to the appellant by reason of this juror sitting in the case, and had he not been a qualified juror, by reason of not living in Bosque County, then, in the absence of any injury shown, same would not be ground for setting aside the verdict and granting a new trial. Ames v. State, 277 S. W. 661; Squyres v. State, 242 S. W. 1044. Many other authorities could be cited if necessary.

A careful examination of the record discloses no reversible error in the trial of this case. We observe, however, that the trial judge, in passing sentence upon the appellant, failed to take into account the indeterminate sentence law and sentenced appellant to serve one and one-half years in the penitentiary. Said sentence is now reformed and corrected to read not less than one and not more than one and one-half years in the penitentiary.

The judgment of the trial court, as reformed, is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.