## HUTSON v. STATE.   (No. 10745.)

(Court of Criminal Appeals of Texas.   March 2, 1927.)

1. **Jury** ⬿47—**Juror held qualified as resident citizen, though he had left county for four months, without intention of abandoning residence.**

Juror, who had lived within county for many years, *held* qualified as resident citizen, though he had gone to other counties for four months to secure work, but with no intention of abandoning former residence.

2. **Criminal law** ⬿1166½ (6)—**Nonresidence of juror is not ground for reversal of conviction, where no injury was shown.**

Where no injury resulted to defendant by reason of particular juror sitting in case, conviction will not be set aside because such juror was not resident citizen of county.

3. **Intoxicating liquors** ⬿242—**On conviction for possessing equipment for manufacturing liquor, defendant should be sentenced to not less than one nor more than 1½ years in penitentiary.**

On conviction for possessing equipment for manufacture of intoxicating liquor, sentence to 1½ years in penitentiary will be reformed to read not less than one and not more than 1½ years in penitentiary.

Commissioners' Decision.

Appeal from District Court, Bosque County; Irwin T. Ward, Judge.

Pink Hutson was convicted of possessing equipment for manufacturing intoxicating liquor, and he appeals.   Reformed and affirmed.

Troy Deason, of Glen Rose, for appellant.
Sam D. Stinson, State's Atty., of Austin, and Robt. M. Lyles, Asst. State's Atty., of Groesbeck, for the State.

BAKER, J. The appellant was convicted of unlawfully possessing equipment for the manufacture of intoxicating liquor, and his punishment assessed at 1½ years in the penitentiary.

The record discloses that a constable observed the appellant making whisky in a 50-gallon oil barrel, with the whisky running out into a jug; and that there were 8 barrels of mash around the still, in addition to empty barrels that had previously contained mash. It was the contention of the appellant, and he so testified, that an acquaintance of his had told him where he might obtain a drink of whisky; and that, while searching for the place, he discovered the still in question. He further testified that upon approaching the still he saw two men apparently operating it, but that they took flight upon his approach, and that, after drinking some of the beer and whisky he became unconscious of what he was doing and did not know whether or not he "chunked up the fire" around the still, as contended by the state's witness.

[1, 2] The only bill of exception in the record is based upon the action of the court in refusing to grant the appellant a new trial because one of the jurors, P. E. Dansby, was not a resident citizen of Bosque county, according to appellant's contention. The court heard evidence on this issue, which disclosed that the juror had lived in Bosque county for many years, and that in May prior to the trial in October he had gone to Tom Green and Mitchell counties temporarily for the purpose of securing work and had remained there about four months, but with no intention of abandoning his residence in Bosque county.   Upon this evidence, the court held that this juror was qualified to sit in the case.   There is no error shown in this ruling.   Furthermore, there is no complaint urged as to any injury resulting to the appellant by reason of this juror sitting in the case, and, had he not been a qualified juror, by reason of not living in Bosque county, then, in the absence of any injury shown, same would not be ground for setting aside the verdict and granting a new trial.   Ames v. State, 102 Tex. Cr. R. 190, 277 S. W. 661; Squyres v. State, 92 Tex. Cr. R. 160, 242 S. W. 1024. Many other authorities could be cited if necessary.

[3] A careful examination of the record discloses no reversible error in the trial of this case.   We observe, however, that the trial judge, in passing sentence upon the appellant, failed to take into account the indeterminate sentence law and sentenced appellant to serve 1½ years in the penitentiary. Said sentence is now reformed and corrected to read not less than one and not more than 1½ years in the penitentiary.

The judgment of the trial court, as reformed, is affirmed.

PER CURIAM.   The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

---

## Pink HUTSON v. STATE.   (No. 10746.)

(Court of Criminal Appeals of Texas.   March 2, 1927.)

Commissioners' Decision.

Appeal from District Court, Bosque County; Irwin T. Ward, Judge.

Troy Deason, of Glen Rose, for appellant.
Sam D. Stinson, State's Atty., of Austin, and Robt. M. Lyles, Asst. State's Atty., of Groesbeck, for the State.

BAKER, J. The appellant was convicted of the unlawful manufacture of intoxicating liquor, and his punishment assessed at 1½ years in the penitentiary.

⬿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

The facts in this case are identical with those in the case of Pink Hutson v. State (No. 10745) 291 S. W. 903, this day decided, and what we have said in that case relative to the qualification of the juror Dansby is fully applicable to the instant case.

In the instant case the court also overlooked the indeterminate sentence law and sentenced the appellant to 1½ years in the penitentiary. Said sentence is now reformed and corrected so as to read not less than one nor more than 1½ years in the penitentiary.

The judgment of the trial court, as reformed, is affirmed.

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.