MARVIN POWERS v. THE STATE.

No. 15295. Delivered October 26, 1932.
Reported in 53 S. W. (2d) 788.

The opinion states the case.

*R. C. Roland,* of Ranger, and *W. J. Arrington,* of Breckenridge, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for possessing intoxicating liquor; punishment, two years in the penitentiary.

We think the state circumstantially showed the guilt of the accused to an extent which justified the jury in finding him guilty of possessing a quantity of intoxicating liquor. One witness testified for the state that on the night before the occasion of a raid by officers, he went to appellant's premises, and was taken by appellant out to the point where the officers located a quantity of whisky on the day of their raid. This witness testified that he obtained from appellant some intoxicating liquor, and was told by appellant at the time that he had two thousand dollars in cold checks which had been given him for the sale of intoxicating liquor.

There are ten bills of exception in the record. Bill No. 1 is qualified by attaching thereto, in question and answer form, the actual testimony given by the witness, as certified by the court. The objectionable matter set out in the bill as prepared by appellant, does not appear in the testimony of the witness as given in question and answer form. As qualified the bill presents no error.

Bills of exception Nos. 2, 4, and 5 bear the notation of the trial court as follows: "No objection was made to this testimony, and no request made that the court should instruct the jury to disregard the same." As qualified, said bills present no error. Appellant, having accepted the bills with the qualifications, is bound thereby.

Bill of exception No. 3 complains of the refusal of a special charge. The substance of said special charge appears to have been given in the main charge. No error is shown.

Bill of exception No. 6 presents objection to witness Thomason being allowed to testify as to his purpose in going to the home of appellant the night before the officers raided said place. The bill is qualified by the trial court, who says that the witness was permitted to testify to his purpose in going to said place without objection.

The record shows that Thomason testified that he went to appellant's place on the night in question for the purpose of procuring some mercury. Bill of exception No. 7 brings forward objection to a question asked by the prosecuting attorney of said witness as to what appellant said to him out at his place on the night in question with reference to getting whisky. We fail to see any point to the objection made to this testimony. If appellant said anything to the witness about the matter inquired of, it would appear admissible. This bill is also qualified, and clearly presents no error.

The eighth bill of exception sets out that Thomason was permitted, over objection, to say that he told Mr. Bradford "the following day where he got his liquor." The bill recites that "defendant objected and was overruled by the court." There is nothing in the bill to show that the witness said anything to Bradford reflecting upon appellant, or connecting in any way the statement made to Bradford with anything material to a decision of the case before us. The same observation holds good in regard to bill of exception No. 9, the averments in which are so meager as to make it impossible for us to tell what objection was being made, or how appellant could have been hurt.

The last bill of exception complains of the prosecuting attorney saying to the jury that it made no difference as far as the law was concerned, and no difference as far as the duty of the jury was concerned, this man has been knocking at the door of the penitentiary a long time. Appellant says this was prejudicial to his rights, and was calculated to inflame the minds of the jury, even though the court instructed the jury not to

consider it. Nothing in the bill shows the connection in which the statements were made, nor that they were not pertinently supported by testimony, nor how they could be prejudicial to the accused. For aught the bill shows the record might abound in facts justifying the argument.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*