AARON JOHNSON V. THE STATE.

No. 15542.   Delivered October 26, 1932.
Rehearing Denied November 23, 1932.
Reported in 54 S. W. (2d) 140.

The opinion states the case.

*E. H. Davis* and *Wm. F. Jackson,* both of Hempstead, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CALHOUN, JUDGE.—The offense, murder; the punishment, death.

The state's testimony showed that the appellant and one Alberta Johnson, who was the undivorced wife of one Ellis Johnson, had been living together in adultery for several years; that during this adulterous relationship the deceased, Perlie Mae Johnson, was born. The evidence showed that at the time of her death the deceased was an eighteen months old child. Some time prior to the homicide Alberta Johnson had left the appellant and moved to the town of Hempstead. Some time

after she had left the appellant, the appellant came to the town of Hempstead and on several occasions importuned the said Alberta Johnson to live with him, which she refused to do. A few days prior to the killing of the deceased, the evidence showed that the appellant stated to the witness Alberta Johnson, in the presence of others, that if she did not stay with him he would kill her and the baby both. On the night of the homicide, appellant went to the house where Alberta Johnson and others were and an argument ensued and appellant asked Alberta Johnson to stay with him, which she refused, and appellant grabbed an ax. A witness by the name of Shelton intervened at this stage and persuaded the appellant to put the ax down and took the ax and locked it up in another room in the house. Thereafter, appellant got a razor off of the shelf, and, upon the refusal of Alberta Johnson to again agree to his request, he grabbed the said Alberta Johnson by the head and cut her on the back of the neck. She then ran and fell in the door going to the kitchen. At the time the said Alberta Johnson was cut, she was holding deceased in her arms, and, when she fell, the deceased fell out of her arms on the floor and commenced crying. She then ran out of the house and was followed out by the witness Shelton, leaving the appellant in the house. The said witness Alberta Johnson as well as the witness Shelton, testified positively that after they got out of the house they heard the deceased crying and they left the baby in the room with the appellant. Alberta Johnson and the witness Shelton fled to a nearby house where a doctor was summoned to attend Alberta Johnson's wounds. Upon other persons going to the house, they found the deceased in the room where she had dropped out of her mother's arms with two deep gashes in her throat, her head being almost severed from the body. Appellant fled and was later apprehended near Houston.

The appellant, testifying in his own behalf, denied that he intentionally struck his baby or that he knowingly inflicted upon it any wounds, and he denied positively that he cut her throat after the parties had left the house, and his explanation was that, if the child was cut, it was cut while and during the cutting of its mother.

A doctor testifying for the state testified positively that the deceased could not have cried after the wounds had been inflicted upon her throat. It was the state's contention that, after the mother and the witness Shelton had fled from the house, the appellant then cut the throat of the child, and evi-

dence was introduced as to the condition of the room, blood spots in the room and on the walls thereof, in an endeavor to substantiate their contention. Upon this phase of the case, the court submitted a charge on circumstantial evidence.

There are no bills of exception in the record. Several matters are urged in appellant's motion for new trial. The first of said matters brought up in said motion for new trial was that the court refused to sustain appellant's motion to disqualify a juror on the ground that the juror had formed an opinion as to the guilt of the defendant, and that, if taken as a juror, he would go into the jury box with his mind made up. In the answer of the state, to said motion, it is alleged that the juror, complaint of whom is made that the court refused to disqualify, was challenged peremptorily and did not sit as a juror in the trial of the case; that the appellant had used only ten peremptory challenges when the jury was completed to try the case and still had five challenges left, and the regular venire was not exhausted when the jury was selected to try the case and there was no objectionable juror forced on the defendant.

There is no complaint urged in the motion for new trial that there was any injury resulting to the appellant by reason of the court refusing to sustain appellant's challenge for cause as to said juror. In the absence of any injury shown appellant, the mere fact that the court refused to have the juror stand aside, upon appellant's challenge would not be ground for setting aside the verdict and granting a new trial. See Ames v. State, 102 Texas Crim. Rep., 190, 277 S. W., 661; Squyres v. State, 92 Texas Crim. Rep., 160, 242 S. W., 1024; Hall v. State, 121 Texas Crim. Rep., 376, 49 S. W. (2d) 793.

Another complaint made in said motion for new trial is that the trial court erred in permitting the testimony of Alberta Johnson as a witness for the state to go to the jury because it was shown that she and defendant were then living together as husband and wife and had been living as husband and wife for a number of years; that she had borne children for defendant and they held themselves out to the world as husband wife. It is shown by the undisputed evidence in the case that the witness Alberta Johnson was not the wife of appellant, but during the whole time that she lived with appellant and was having illicit relations with him she had a living husband to whom she had been legally married and from whom she had never been divorced. Under the decisions of this court, a woman with whom a defendant is living in adultery or who is not his legal wife is not incompetent to testify against him on that account.

We quote from the case of Simms v. State, 30 Texas Crim. Rep., 605, opinion by Judge Davidson: "Lizzie Williams, the mistress of appellant, was permitted to testify for the state over his objection. It is insisted by appellant that the intimate relations between himself and the witness was tantamount to the relation of husband and wife. This position is not well taken. The statute prohibiting husband and wife from testifying against each other does not embrace parties who are not legally married, but who are living together in adultery, nor parties who are unmarried, but who live together and recognize each other as husband and wife." Citing Mann v. State, 44 Texas, 642, and authorities there cited. See, also, Crow v. State (Texas Crim. App.), 72 S. W., 392; Young v. State, 49 Texas Crim. Rep., 207, 92 S. W., 841.

Appellant also alleged in said motion for new trial that new evidence material to appellant had been discovered since the trial of the case, which evidence before the jury would probably produce a different verdict. Said motion alleged that, after argument of counsel, defendant, who could neither read nor write, discovered letters and papers in his possession which he then gave to his attorneys for inspection, and which proved to be letters written by Alberta Johnson to defendant shortly prior to the commission of the alleged offense. The motion further alleged that appellant thought he had destroyed all letters written him by Alberta Johnson and had only kept letters written to him by his mother, and, being unable to read, did not know that he had the letters from Alberta Johnson in his pocket. The letter or letters claimed to be newly discovered are not set out in said motion, but it is contended in said motion that the letters revealed the fact that the witness Alberta Johnson wrote the defendant to come to Hempstead, and the letters also reflected the relationship of the witness Alberta Johnson and defendant by reference to their child and further revealed that they had been living together as was alleged by defendant. In the answer filed by the state to said motion for new trial, it is set up that the letters claimed to be newly discovered evidence were never tendered in evidence, though they were discovered before the jury retired to consider their verdict, and that the appellant on the trial, testifying in his own behalf, testified that he had received letters from Alberta Johnson, and upon cross-examination swore that he had destroyed said letters, and therefore the facts alleged to be expected to be developed by said letters did not constitute newly discovered evidence.

It is not shown in said motion for new trial what diligence,

if any, was used to discover said testimony before the trial, and the said affidavit does not negative the fact that the appellant himself knew of the existence of the supposed newly discovered testimony. There is nothing in said motion which shows that the appellant used due diligence to discover the newly discovered evidence before the conclusion of the trial, nor is there any showing or claim that said letter could not have been discovered by the use of ordinary diligence, except for the fact that the appellant could not read. The order of the court overruling the motion for new trial recites that, after having heard the motion and the evidence thereon submitted, it was the opinion of the court that the same should have been overruled.

We quote from section 192, Branch's Ann. P. C.: "To warrant a new trial on the ground that new testimony has been discovered since the trial it is incumbent upon the defendant to satisfy the court that the new testimony has come to his knowledge since the trial and that it was not known beforehand, and it must be such as reasonable diligence could not have secured at the former trial; it must be competent, material to the issue, and probably true, going to the merits and not merely cumulative or collateral nor merely to impeach a former witness; and it must appear that it is reasonably probable that it will change the result." Citing Ferguson v. State, 66 Texas Crim. Rep., 426, 147 S. W., 239; Burton v. State, 9 Texas App., 605.

We have given this case careful consideration on all the grounds in the motion for new trial. We have come to the conclusion that they present no grounds, under the decisions of this court, for reversal of this case. We have also considered all the facts in evidence and believe that the testimony supports the verdict rendered by the jury in this case.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant in person files a motion for rehearing, insisting that the punishment in this case was excessive and cruel. A recital of the facts is sufficiently made in the original opinion. We are not able to agree with appellant that the punishment meted out to him by the jury is in any way excessive. It is true that appellant is an ignorant, young negro

man, but the cutting of the throat of an innocent child without excuse and because of excessive anger or passion directed at its mother, seems an inexcusable crime. We find nothing in the charge of the court submitting anything to the jury which was contrary to the law or which in any way could have affected or conduced to the penalty given to the appellant. We realize that the taking of human life for crime is a serious matter, but are not allowed to interfere unless for some error in procedure, or failure of proof affecting the result.

The motion for rehearing will be overruled.

*Overruled.*