**GLOVER v. STATE.**

No. 21606.

Court of Criminal Appeals of Texas.

May 14, 1941.

Rehearing Denied June 25, 1941.

748

S. B. Ehrenwerth, of Houston, for appellant.

Spurgeon E. Bell, State's Atty., of Austin, for the State.

KRUEGER, Judge.

The conviction is for murder; the punishment is assessed at death.

The testimony, briefly stated, shows that shortly after midnight on the 1st day of May, 1940, some one entered the home of John Frank Lee and his wife, apparently for the purpose of committing theft or robbery. After the belated and unwelcome visitor had entered the home, he discovered that Mr. and Mrs. Lee were awake and had discovered his presence. He killed Mr. Lee by shooting him with a .32 caliber automatic pistol, then ravished Mrs. Lee, took what money could be found and departed, leaving behind the empty shell from which the deadly missile had been fired. Mrs. Lee notified the officers, who immediately responded to the call. During the time, or at least part of the time, that the intruder was in the home, a lamp was burning and Mrs. Lee could see the culprit distinctly. She gave the officers a reasonably accurate description of him. The empty shell found on the floor disclosed a peculiar mark in the nature of a horseshoe on the butt end thereof made by the recoil or pressure of the shell against the pistol. Sometime later appellant was arrested as a result of the description Mrs. Lee had given to the officers. At the time of his arrest, appellant had a cartridge in his pocket which fitted a .32 caliber automatic pistol. After being questioned relative to such a pistol, he accompanied the officers to his home where a .32 caliber automatic pistol and a few shells were found. The officers fired the pistol several times and discovered that when fired it would make an impression on the butt end of the shell similar to or like that on the empty shell found in the room where the homicide was committed. Thereafter, appellant made a voluntary confession in which he not only admitted the commission of the offense but went into much detail concerning the location of the burning lamp, the bed, dresser, etc. Mrs. Lee positively identified appellant as the person who killed her husband and ravished her on the night in question.

At the trial appellant took the witness stand, repudiated the confession, denied that he had signed it, and testified to an alibi. His denial of the confession, as well as his testimony relative to an alibi, was controverted by the State.

From the foregoing brief statement of the evidence, it will be noted that an issue of fact was raised as to the making of the voluntary confession by appellant as well as his plea of alibi. Both of these issues were properly submitted to the jury under appropriate instructions from the court and the jury, who are the exclusive judges of the facts proven, the credibility of the witnesses and the weight to be given to their testimony, decided the issues adversely to the appellant, and their conclusion finds ample support in the evidence.

Bills of Exception Nos. 1, 2, 3, and 4 relate to the same subject matter and will be considered and disposed of together. By said bills appellant claims that the District Attorney, while cross-examining him, held several indictments in his hand and interrogated him relative to the dates and offenses therein charged against one, Nehemiah Glover, who, he claims, was not shown to be this appellant, to which he objected because the same was prejudicial and calculated to inflame the minds of the jury against him. The court qualified each of the bills and in his qualification states that he does not certify that the State introduced or exhibited the twelve indictments to the jury; that the defendant was asked if he had not been indicted for a felony within the last ten years and if he was not then under indictment for each of the felonies mentioned, to which he replied that he did not know and had no such knowledge; that thereafter the District Clerk was called to the witness stand and he testified that the defendant had been indicted for various felonies within the past ten years; that no question was raised as to the identity of the appellant as the person who was so charged. These bills with the qualifications appended thereto, appear to have been accepted by appellant and filed by him. Consequently he is bound thereby. See Powers v. State, 122 Tex.Cr.R. 98, 53 S.W.2d 788.

It is a settled rule in this state that when a defendant takes the witness stand and testifies in his own behalf, he may be questioned about other indictments

charging him with felonies. This is admissible for the purpose of affecting his credibility as a witness. The court, in his charge to the jury, instructed them that if they considered said testimony at all, they could consider it only insofar as it may affect appellant's credibility as a witness and for no other purpose. This was all that appellant was entitled to, but he now contends that it was not shown that the defendant in this case was the same identical Nehemiah Glover who was charged by indictment with the felonies referred to by the Assistant District Attorney. The District Clerk testified that the defendant had been indicted for various felonies within the past ten years. In our opinion, this testimony was sufficient to identify appellant as the person referred to in the indictments.

■■ By Bill of Exception No. 5 appellant claims that the court permitted the District Attorney, in his argument to the jury, to refer to the testimony of the Deputy District Clerk relative to other indictments pending against Nehemiah Glover because it was not shown that the defendant in this case was the same person as the one named in said indictments. The court qualified the bill and in his qualification states that the argument of the District Attorney referred to in the bill was not made to the jury but was made to the court on the hearing of the motion for a new trial, and it was then that appellant's counsel objected to the same; that no objection was interposed to the Deputy District Clerk's testimony on the trial of the case. The bill, as qualified by the trial court, was accepted and filed by appellant and he is bound thereby. The statement in the court's qualification as to what occurred must be accepted by this court as true and correct.

By Bill of Exception No. 6 appellant complains because the Deputy District Clerk was permitted to testify that there were a number of other indictments pending against one Nehemiah Glover notwithstanding appellant denied any knowledge thereof and the inability of the Deputy District Clerk to identify him as the same person named in such indictments, to which appellant objected on the ground that it was prejudicial. The court qualified this bill and in his qualification states that appellant on cross-examination declined to admit that he had been indicted for a felony within the last ten years. There-

upon the Deputy District Clerk was called by the State and testified as to the number of indictments charging felonies were pending against appellant, to which appellant objected on the ground that it was prejudicial, but no question was raised as to the identity of the defendant being the same person named in said indictments; that the first time the question was raised was in the motion for a new trial. This bill, with the court's qualification, was accepted by appellant and filed by him, and we are constrained to accept the qualification as reflecting what actually transpired during the proceedings. If the qualification of the bill was not correct, then appellant should have excepted thereto as he had a legal right to do.

■ Bill of Exception No. 7 is without merit. The testimony of Mr. Martindale, therein complained of, related to the identity of appellant as the person charged with other felonies, and was given on the motion for a new trial.

In view of the fact that the extreme penalty was imposed, we have carefully considered each of the bills of exception but find no error reflected therein.

No objections to the court's charge were urged, nor was there any objection to the introduction in evidence of appellant's voluntary confession. However, we do not wish to be understood as intimating that the same was subject to any legal objection.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

On Motion for Rehearing.

HAWKINS, Presiding Judge.

■ In his motion for rehearing appellant urges that Art. 714, C.C.P., was violated in the cross examination of his wife. The part of said article here involved reads as follows: " * * * The husband and wife may, in all criminal actions, be witnesses for each other; but they shall in no case testify against each other except in a criminal prosecution for an offense committed by one against the oth-

er." Appellant called his wife as a witness. He made no objection to the cross examination, nor any motion to withdraw the evidence he now regards as objectionable; notwithstanding which, he urges that in view of the statute quoted it was not necessary to either object or move to have the evidence withdrawn. The question was settled against appellant's contention in Ward v. State, 70 Tex.Cr.R. 393, 159 S.W. 272, decided in 1913, and said case has been consistently followed since that time. Willingham v. State, 94 Tex.Cr.R. 596, 252 S.W. 530, decided in 1923, dealt with the same question, and later in Cole v. State, 119 Tex.Cr.R. 1, 44 S.W.2d 722, 723, we said:

"As supporting his proposition, appellant cites us to Brock v. State, 44 Tex. Cr.R. 335, 71 S.W. 20, 60 L.R.A. 465, 100 Am.St.Rep. 859; Woodall v. State, 58 Tex.Cr.R. 513, 126 S.W. 591; Johnson v. State, 66 Tex.Cr.R. 586, 148 S.W. 328; Eads v. State, 74 Tex.Cr.R. 628, 170 S.W. 145; Davis v. State, 45 Tex.Cr.R. 292, 77 S.W. 451, 452. It will be found that in most of the cases referred to the state called accused's wife as a witness. If expressions are found in the opinions which indicate that appellant may take advantage of the cross-examination of his wife when he himself has called her as a witness without interposing objection at the time of such cross-examination, such expressions are not in line with the holdings of this court since the opinion in Ward v. State, 70 Tex.Cr.R. 393, 159 S.W. 272.

"We quote from Willingham v. State, 94 Tex.Cr.R. 596, 252 S.W. 530, as follows: 'That part of the Brock Case permitting the accused to introduce his wife in evidence, to remain silent during her cross-examination, and to secure a reversal of the case in the event any part of the cross-examination impinges upon the rule forbidding the use of the wife as a witness against the husband, was discarded by this court in an undivided opinion in Ward's Case, 70 Tex.Cr.R. 393 (see page 407), 159 S.W. 272. That part of the Brock Case which affirms the duty of the court to protect the accused against improper cross-examination of his wife has been sustained, but only on condition that he interpose an objection at the time. See Bennett v. State, 80 Tex. Cr.R. 652, 194 S.W. 145, 149; Norwood v. State, 80 Tex.Cr.R. 552, 192 S.W. [248] 249; Roberts v. State, 74 Tex.Cr.R. 150, 168 S.W. [100] 101 (see page 111); Eads v. State, 74 Tex.Cr.R. 628, 170 S.W. 145; Villafranco v. State, 84 Tex.Cr.R. 195, 206 S.W. 357; Lovett v. State, 87 Tex. Cr.R. 548, 223 S.W. 210; Brown v. State, 88 Tex.Cr.R. 55, 224 S.W. 1105; Bell v. State, 88 Tex.Cr.R. 64, 224 S.W. 1108. See, also, Vernon's Tex.Crim.Stat.1922 Supp., vol. 2, arts. 794, 795, C.C.P., and annotations [Vernon's Ann.C.C.P. art. 714].'

"For later authorities upon the subject see Givens v. State, 98 Tex.Cr.R. 651, 267 S.W. 725; Soderman v. State, 97 Tex.Cr. R. 23, 260 S.W. 607."

In addition to the authorities cited in the cases of Willingham and Cole, we refer to Williams v. State, 95 Tex.Cr.R. 354, 254 S.W. 568; Johnson v. State, 95 Tex. Cr.R. 483, 255 S.W. 416.

A number of the cases mentioned point out the distinction where the State calls the wife as a witness, as in the Brock case, 44 Tex.Cr.R. 335, 71 S.W. 20, 60 L.R.A. 465, 100 Am.St.Rep. 859, and where the defendant places her on the stand.

From another angle it is doubtful if Art. 714, C.C.P., had application to the woman claimed to be appellant's wife. She testified that she was his "common law" wife. Her statement alone of a legal conclusion could scarcely be deemed sufficient to establish the relationship of husband and wife. See Mann v. State, 44 Tex. 642; Sims v. State, 30 Tex.App. 605, 18 S.W. 410; Johnson v. State, 122 Tex.Cr.R. 224, 54 S.W.2d 140.

Other questions suggested in the motion for rehearing are not properly before us for consideration, no objections having been interposed during the trial, and no complaints having been brought forward by bills of exception. All bills of exception in the record were considered in our original opinion. It is not necessary to further discuss them.

The motion for rehearing is overruled.