GEORGE MOSES V. STATE.

No. 30,532. June 3, 1959.
Motion for Rehearing Overruled October 28, 1959.

WOODLEY, Judge, concurred.

DAVIDSON, Judge, dissented.

*Thos H. Dent,* (*Carl A. Williams* and *Haman King,* of Counsel) Houston, for appellant.

*Dan Walton,* District Attorney, *Benjamin Woodall, Thomas D. White, Samuel H. Robertson, Jr., Houston,* and *Leon Douglas,* State's Attorney, Austin, for the state.

BELCHER, Judge.

The conviction is for murder; the punishment, death.

Two deputy sheriffs, two City of Houston police officers assigned to the narcotics division, and an officer of the Texas Department of Public Safety, at about 8:30 P.M. went to appellant's house to execute a search warrant. As the officers approached the house they could see appellant in a squatting position on the porch through the open jalousies of the screened porch which was lighted. When within 5 or 6 feet of appellant, Police Officer Miller announced: "We are police officers. We have a search warrant," and immediately Officers Shipley and Stephenson also made the same announcement and Shipley called

for appellant to halt as he suddenly rose and ran into the living room which was dark except for the light coming from a television in the room. Officer Miller pulled open the latched screen door and followed appellant into the living room with Officer Stutts behind him and Shipley next. When Stutts was on the porch and Shipley at the screen door, two shots were fired in close succession, then Stutts stepped inside the living room and shined his flashlight on a closet door and both Stutts and Shipley told appellant to throw his pistol out on the floor. After a short pause appellant threw a .32 automatic pistol out on the living room floor. Then Shipley turned on the ceiling light in the living room and they saw Officer Miller on the floor in the hallway between the living room and kitchen.

During this time Officers Burke and Stephenson heard two shots as they entered the kitchen, then ran into the hallway where they saw Miller on the floor and heard Stutts say, "Throw the pistol down and come out." When Stephenson reached the living room he saw the door of the closet open and a hand covered with some clothes which he grabbed, and a scuffle followed which resulted in appellant's arrest.

The proof shows that Officer Miller's death was caused by a bullet which entered his stomach just above the belt line. An autopsy was performed and the bullet was removed from deceased body and a firearms expert testified that it came from the .32 automatic which had been identified as the pistol appellant threw on the living room floor.

An examination of the pistol that appellant threw on the floor showed that it was a .32 automatic which would hold 9 shells, that it contained 7 live shells including the one jammed in the pistol, and two empty .32 shells were found on the floor.

Miller's gun was a .38 revolver containing four live shells and one empty.

In searching appellant's house shortly after Officer Miller was removed to a hospital, the officers found 112 grains of marijuana.

Appellant and Delores Moses testified that the officers forced their way into the house without giving notice that they were police officers and that they had a search warrant. Appellant testified that he was frightened and ran from the porch to the closet where he had a pistol; that he fired the pistol because he

was in fear of his life and that of his family. After Delores Moses told appellant that the men were officers, he threw his pistol down and voluntarily surrendered; that he was then handcuffed and severely beaten by the officers. Appellant denied that he had any marijuana in his house.

The evidence is sufficient to support the conviction for the offense of murder with malice as charged in the indictment.

Appellant urges error in the overruling of his subsequent motion for a continuance because he had not been granted a hearing on his petition for a writ of habeas corpus by which he would be informed of all the state's evidence and that he be allowed bail, if entitled thereto, during the main trial.

The motion is insufficient because it is not sworn to by the appellant as required by Art. 545, Vernon's Ann. C.C.P.; Parsons v. State, 160 Texas Cr. Rep. 387, 271 S.W. 2d 643; McGowen v. State, 163 Texas Cr. Rep. 587, 290 S.W. 2d 521. However, there is no rule requiring the state to call all its witnesses and develop its case on the hearing of a writ of habeas corpus. The motion does not allege that he had sought bail; that it had been denied or that he could post bail if it was set. No error is shown in overruling the motion.

It is insisted that the court erred in permitting the state to introduce in evidence the marijuana found in appellant's house shortly after Officer Miller was shot, and further erred in failing to limit such evidence in the charge.

The testimony showing the finding of the marijuana in appellant's house and its introduction in evidence was admissible as bearing on appellant's motive and intent to prevent the search and finding of the marijuana and his apprehension therefor.

It was not necessary to limit the testimony showing the search and the results thereof as it was pertinent to a main issue in the case. 4 Branch's Ann. P.C. 2d 373, Sec. 2061.

Appellant complains of the court's refusal to admit the proffered testimony of witnesses that men claiming to be police officers had unlawfully entered houses in appellant's neighborhood; and that there had been recent robberies and burglaries in that vicinity and the people thereabout were frightened.

When such testimony was offered there had been no showing

that appellant knew of or had heard of such occurrences. They could not have influenced his state of mind or affected his actions until he was cognizant of them. The refusal of the testimony at the time offered was not error. 42 Texas Jur. 75, Sec. 53. Later, appellant while testifying related said occurrences without objection. A witness was recalled by appellant who testified to a robbery about two houses distant from appellant's house; and only one other witness was recalled and it was shown, in the absence of the jury, that appellant had no knowledge of any unlawful experiences occurring at her place.

It is insisted that the trial court erred in permitting the cross-examination of Delores Moses as to facts not inquired about on direct examination over appellant's objection that she was his wife.

Appellant testified that Delores Moses was his "common law" wife. This statement is a legal conclusion and does not sufficiently establish their relationship as husband and wife. Glover v. State, 142 Texas Cr. Rep. 592, 152 S.W. 2d 747.

Delores Moses testified on direct examination that she was the wife of the appellant. However, on voir dire by the state in the absence of the jury she testified that before she lived with appellant she and William Pearson had lived together as man and wife for about one year and three months; that she bore two children by him; used his name and was known and held herself out as Mrs. William Pearson; and had not obtained a divorce from him or had notice that he had obtained one from her; and that she had not seen him in over seven years. Delores Moses further testified that after she had lived with William Pearson and before she began living with appellant that she lived with Ernest Jones; that they had lived together in the same house as husband and wife; were known and held themselves out under the same name to the public as husband and wife; that they had one child; that they were never divorced; and that she had seen him the previous summer.

The evidence is sufficient to warrant the conclusion that Delores Moses was not legally married to appellant and rendered permissible her cross-examination as any other witness. 44 Texas Jur. 1031, Sec. 71; Bryan v. State, 63 Texas Cr. Rep. 200, 139 S.W. 981.

There was no objection to the failure of the court to submit the question to the jury of whether she was his wife, and if so,

or they had a reasonable doubt of it, to wholly disregard that portion of her testimony about which he complains.

The complaint that the court erred in not requiring Officer Shipley to name his informer upon whose information he made the affidavit for the search warrant cannot be sustained. An officer is not required to reveal the name of the person from whom he receives information upon which he bases his affidavit which supports the search warrant. Bridges v. State, 166 Texas Cr. Rep. 556, 316 S.W. 2d 757 and cases there cited.

The court instructed the jury upon the law of murder with and without malice; and self defense of himself, Delores Moses and the children, and upon actual and apparent danger in connection therewith.

The court defined a search warrant and named those who are peace officers as that term is used in the charge; and instructed the jury as to the lawful manner of executing a search warrant.

It further charged as to the rights of the appellant if the jury believed that the search warrant was being executed by the peace officers in an unlawful manner.

A careful review of appellant's objections to the charge and his requested charges which were refused do not show error.

The judgment is affirmed.

Opinion approved by the Court.

WOODLEY, Judge (concurring).

I join in approving the opinion affirming the conviction, and point out these additional matters.

The affidavit for search warrant is almost identical (except for names and places) with the affidavit supporting the search warrant we held to be sufficient in Reyna v. State, 165 Texas Cr. Rep. 91, 302 S.W. 2d 942.

The warrant issued upon the affidavit commanded the arrest of appellant as well as the search of his house.

The trial judge, in his charge, instructed the jury that the

search warrant introduced for his inspection was a valid warrant and authorized a search of appellant's house and premises.

The charge in this regard was not attacked by exception or requested charge and the authority of the officers to search and to arrest under the warrant is not challenged.

Appellant does challenge the manner in which the warrant was attempted to be executed.

The testimony from the state's witnesses was that appellant ran for his gun after they had announced that they were officers and had a search warrant. Appellant's testimony and that of his witness was that the officer who was shot and killed by appellant broke into his house without informing appellant that he was an officer or of his purpose. The defensive theory was submitted and applied in Paragraph 19 of the court's charge as follows:

"19. Now, if you believe from the evidence, or have a reasonable doubt thereof, that the defendant was not informed and did not know that the persons entering his house at the time of the fatal difficulty were peace officers, and that he was not informed or given notice of the purpose of such officers in entering his house, and that he shot Officer Miller, if he did, to prevent or repel what appeared to him, viewed from his standpoint at the time, to be an unlawful invasion of his home, then you will find the defendant not guilty."

The jury accepted the state's version and the evidence sustains its verdict.

DAVIDSON, Judge (dissenting).

If this conviction is to stand, then the Constitution of the United States and that of this state are meaningless and without force and effect in guaranteeing one against unlawful entry and search of his home.

The deceased, a peace officer, together with other peace officers acting under a search warrant which upon its face authorized them to search appellant's home for narcotics, forcibly entered his home to execute the warrant. While so doing, appellant killed the deceased.

The undisputed evidence shows that the officers were tres-

passers and were acting wholly without authority of law and in open defiance of constitutional guarantees, because the search warrant under which they made the entry into and search of appellant's home was wholly void and furnished no protection in law for the unlawful invasion thereof.

The search warrant was void for the following reasons:

1. The statute of this state, Sec. 16 of Art. 727b, Vernon's P.C., which is the sole authority under the laws of this state authorizing the issuance of a search warrant to search a private residence for narcotics, by authority of which the instant search warrant was issued, is void as being repugnant to and in contravention of the Fourth Amendment to the Constitution of the United States, because said statute authorizes the issuance of a search warrant to search a private residence upon belief only and not upon probable cause.

2. The statute, Sec. 16, supra, is void as being repugnant to and in contravention of Art. 1, Sec. 9, of the Constitution of this state for the same reason which renders it repugnant to the Fourth Amendment to the Federal Constitution.

3. The search warrant was issued upon an affidavit made and based entirely upon the belief of the affiant and without any facts or circumstances stated therein evidencing probable cause for the search, as required by the constitutional provisions aforesaid and the statute law of this state, Title 6, Code of Criminal Procedure.

4. Under all the facts and circumstances shown, the entry and search of appellant's home was in violation of due process of law, as guaranteed by the Constitution of this state and of the United States.

My reasoning supporting the above statements will be found in my dissenting opinion in Phillips v. State, No. 30043, (page 463 this volume), 328 S.W. 2d 873, which I here adopt in so far as it is applicable to the conclusions here expressed.

If I be correct in the above assertions and if the search warrant was void, then it furnished to the deceased and the other peace officers executing it no protection whatsoever from the consequences of an illegal search and entry of appellant's home and of his arrest. Reed v. Lucas, 42 Texas, 529.

The void search warrant and the evidence obtained there-under and the use made thereof to convict appellant in this case constitute a denial of due process, which, alone, should reverse this conviction.

I respectfully dissent.